1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                         SAN JOSE DIVISION
11  BROCADE COMMUNICATIONS SYSTEMS, )    Case No.: 10-CV-03428-LHK
    INC., a Delaware corporation, and FOUNDRY )
12  NETWORKS, LLC, a Delaware limited liability )
    company,                          )
13                                     )
                      Plaintiffs,      )
14          v.                         )
                                       )    ORDER DENYING APPLICATION FOR
15  A10 NETWORKS, INC., a California  )    TEMPORARY RESTRAINING ORDER
    corporation, LEE CHEN, an individual, )
16  RAJKUMAR JALAN, an individual, RON )
    SZETO, an individual, LIANG HAN, an )
17  individual, STEVEN HWANG, an individual, )
    and DAVID CHEUNG, an individual,  )
18                                     )
                      Defendants.      )
19  _____)

20          Plaintiffs Brocade Communications Systems, Inc. and Foundry Networks, LLC (together,

21  Brocade) filed an application for a temporary restraining order (TRO) based on alleged copyright

22  infringement and trade secret theft by defendants (collectively, A10).  This matter was heard on

23  August 12, 2011.[1]  For the reasons set forth below, this Motion is DENIED without prejudice.

24

25  _____
    [1] On August 15, 2011, Brocade submitted a "Notice Regarding A10 Supplemental Authority and
26  Modified Proposed Order for Temporary Restraining Order."  Nothing in this late filing changes
    the Court's analysis here.  In addition, A10 moved to file a number of supplemental declarations
27  after Brocade filed its reply in support of its application for TRO.  See Dkt. No. 165.  For the
    reasons discussed in this Order, the Court did not find it necessary to rely on the information
28  submitted in those supplemental declarations.  Accordingly, A10's request for leave to file the
    supplemental declarations is DENIED.

**United States District Court**
For the Northern District of California

1   Brocade asserts that it has found evidence of literal copying of its copyrighted and trade-

2   secret-protected source code in A10's AX Series products.  Based on this, Brocade argues that it is

3   entitled to enjoin sales of A10's AX Series application servers, and to require that A10 notify

4   existing AX Series customers that their application servers might be subject to recall if Brocade is

5   successful in proving its claims in this litigation.  After the hearing on this application, Brocade

6   submitted a revised Proposed Order which also sought a certification from A10's existing AX

7   Series customers that they had installed A10's revised source code, discussed further below.

8   A party seeking injunctive relief, including a TRO, must establish four elements before

9   such relief can be granted.  These are: (1) that the party is likely to succeed on the merits; (2) that

10  the party is likely to suffer irreparable harm absent injunctive relief; (3) that the balance of equities

11  tips in the moving party's favor; and (4) that the injunction is in the public interest.  *Perfect 10, Inc.*

12  *v. Google, Inc.,* No. 10-56316, 2011 U.S. App. LEXIS 15913 at *5 (9th Cir. Aug. 3, 2011) (citing

13  *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).

14  Regarding likelihood of success on the merits of its copyright claim, Brocade has

15  introduced evidence that A10's code contains near-verbatim copies of three of its code routines,

16  which it has registered for copyright protection.  Overall, Brocade has shown that approximately

17  120 lines of its copyrighted source code appear in the latest version of the AX Series code.[2]  In

18  support of its application for TRO, Brocade argued that this evidence of copying was enough to

19  raise a likelihood of success on the merits of its copyright claim.  In opposition to Brocade's

20  application, A10 argued that Brocade must show copying of *protectable* expression in order to

21  establish a likelihood of success of proving copyright infringement, and suggests that Brocade has

22  not carried its burden to show what protectable expression has been copied.  *See* Opp'n at 13-15.

23  As A10 notes, the Ninth Circuit has used an "abstraction/filtration/comparison" test to help

24  separate protectable and non-protectable elements in the context of computer software.  *See*

25  *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 706-11 (2d Cir. 1992).  In its reply in

---

26

27  [2] Brocade has also introduced evidence that a number of lines of third-party code, licensed by
    Brocade and used in Brocade's source code, also appear in A10's AX Series devices.  Brocade
    confirmed at the hearing on this matter that it has no copyright interest in this third-party code and
28  therefore no standing to enjoin A10's alleged use of it.

Case No.: 10-CV-03428-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

1    support of its TRO application, Brocade argues that the abstraction/filtration/comparison test is not

2    required when literal copying is shown, but that even if this test is used, Brocade has demonstrated

3    a likelihood of success.  *See* Reply at 11.

4        Brocade's argument that the abstraction/filtration/comparison test is not strictly required

5    might be correct.  However, the Ninth Circuit has found this test useful in separating protectable

6    and non-protectable expression in the software copyright context.  "[T]he party claiming

7    infringement may place no reliance upon any similarity in expression resulting from unprotectable

8    elements."  *Apple Computer v. Microsoft Corp.,* 35 F.3d 1435, 1446 (9th Cir. 1994).  However, it is

9    also true that if Brocade registered its software within 5 years of publication, this entitles Brocade

10   to a presumption of validity, and shifts the burden to A10 to rebut that the allegedly copied

11   elements are not protectable expression.[3]  *Merch. Transaction Sys. v. Nelcela, Inc.,* No. CV 02-

12   1954-PHX-MHM, 2009 U.S. Dist. LEXIS 25663, at *26-27 (D. Ariz. Mar. 17, 2009); 17 U.S.C. §

13   410(c).  The evidence presented here suggests that at least some of the copied code is likely

14   protectable expression.  For example, Brocade submitted evidence that A10's software code

15   contains verbatim copies of "developer comments," which Brocade argues are present in the code

16   only to "explain the structure of the source code."  TRO App. at 3.  Since these notes are the

17   equivalent of explanatory asides, they are likely capable of being expressed in many different ways

18   and therefore may be protectable expression.

19       In its opposition to Brocade's application for TRO, A10 claims that it has completely

20   rewritten the accused code using clean room conditions.  *See* Opp'n at  2-4.  Therefore, A10

21   argues, Brocade's request for a TRO is moot, because even if there is a likelihood of proving

22   copyright infringement or trade secret misappropriation based on A10's previous code, there can be

23   no infringement or improper use by its rewritten code.  Unfortunately, A10 did not produce the

24   rewritten code to Brocade until the day before the hearing on this matter, leaving Brocade and the

25   Court in the dark about how the rewritten code changes the analysis, if at all.

26

27   ---

[3] Brocade did not address the presumption of validity and the prerequisites to such a presumption, and A10 did not attempt to rebut such a presumption.  However, the evidence does suggest that Brocade's code is likely protectable expression.

28

3

United States District Court
For the Northern District of California

1    Further complicating the question presented, Brocade argued in its briefing that proof of

2   likelihood of success on its copyright infringement claim would raise a presumption of irreparable

3   harm, but the Ninth Circuit has recently overruled this standard.  *Perfect 10,* 2011 U.S. App.

4   LEXIS 15913 at *12.  Instead, a party seeking a TRO or PI based on alleged copyright

5   infringement must demonstrate both a likelihood of success on the merits *and* that it is likely to

6   suffer irreparable harm.  *Id.*  In support of the likelihood of irreparable harm, the party must show

7   "a sufficient causal connection between irreparable harm" and the accused infringement.  *Id.* at

8   *15.  Brocade argued, in the alternative, that it could prove likely irreparable harm based on A10's

9   competition with Brocade.  Brocade submitted the declaration of Keith Stewart, the director of

10  product management for application delivery controllers at Brocade, who is responsible for

11  marketing the ServerIron ADX product line (which competes with A10's AX Series).  Mr. Stewart

12  declared that Brocade stands to lose business from three of its previous customers, and that this

13  loss could extend for 3-7 years because 40% of Brocade's business is servicing its products for

14  customers after the initial sale.  However, Brocade did not attempt to show a *specific* causal

15  connection between copying of protectable expression and the alleged irreparable harm, as

16  contemplated by the *Perfect 10* decision.

17    For example, Brocade did not submit a declaration from a customer indicating that the

18  protectable expression in the accused infringing code implements a function that is required or

19  desirable in a competitive product.  While the *Perfect 10* court did identify all the ways a party

20  seeking injunction might demonstrate the causal connection between infringement and injury, it is

21  clear that some evidence linking the infringement with the asserted irreparable harm is required.

22  The Court notes that while Brocade asserts that A10 must have copied more of Brocade's code in

23  earlier versions of its AX Series source code, giving A10 an ongoing and unfair advantage, there is

24  no evidence of this before the Court at this time.  Without some evidentiary support, this allegation

25  is insufficient to show irreparable harm.

26    In addition to Brocade's application for TRO, the Court heard a number of other motions,

27  including Brocade's motion to compel A10's production of prerelease versions of its source code.

28  Brocade's theory is that A10 used Brocade's source code in development of the AX Series

4

Case No.: 10-CV-03428-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

products, and therefore that earlier versions of A10's code likely contain more evidence of verbatim copying, while later versions of the AX Series software have been edited to largely remove verbatim copies of Brocade's code.  The Court largely granted Brocade's motion to compel, and ordered that A10 produce the prerelease source code immediately (although it appeared, based on A10's counsel's statements, that A10 might not have collected such code yet).  In light of A10's noncompliance with two previous Court orders regarding source code production, the Court also ordered appointment of a special master to oversee collection of prerelease source code from A10.

Brocade has introduced disturbing evidence of potentially copied code in A10's AX Series source code, and A10 has failed to respond to this evidence with any explanation.  This evidence might be enough to support a finding of likelihood of success on the merits.  However, given the fact that Brocade has not met its burden to show irreparable harm, the equities and the public interest do not favor an injunction.  Until Brocade carries its burden to show a likelihood of irreparable harm, the Court cannot issue an injunction.  Therefore, Brocade's application is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: August 16, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-03428-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER

United States District Court
For the Northern District of California