| | |
|---|---|
| 1 | |
| 2 | FABIO MARINO (STATE BAR NO. 183825)<br>fmarino@orrick.com |
| 3 | DENISE MINGRONE (STATE BAR NO. 135224)<br>dmingrone@orrick.com |
| 4 | SIDDHARTHA VENKATESAN (STATE BAR NO. 245008)<br>svenkatesan@orrick.com |
| 5 | CHRISTINA VON DER AHE (STATE BAR NO. 255467)<br>cvonderahe@orrick.com |
| 6 | NITIN GAMBHIR (STATE BAR NO. 259906)<br>ngambhir@orrick.com |

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Plaintiffs and Counterclaim Defendants
BROCADE COMMUNICATIONS SYSTEMS, INC. AND
FOUNDRY NETWORKS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>A10 NETWORKS, INC., a California corporation; LEE CHEN, an individual; RAJKUMAR JALAN; an individual; RON SZETO, an individual; DAVID CHEUNG, an individual; LIANG HAN, an individual; and STEVEN HWANG, an individual,<br><br>    Defendants/Counterclaimants. | Case No. 10-cv-03428 LHK<br><br>**PLAINTFFS BROCADE COMMUNICATIONS SYSTEMS, INC.'S AND FOUNDRY NETWORKS, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Date:    TBD<br>Time:    TBD<br>Courtroom:  Courtroom 8 - 4th Floor<br>Judge:    Lucy H. Koh |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD NOT BE RELATED
CASE NO. 10-CV-03428 LHK

Defendant Brocade Communications Systems, Inc. ("Brocade") hereby respectfully submits this Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil Local Rules ("Civ. L.R.") 3-12 and 7-11 of this Court.

**ACTION REQUESTED**

Brocade seeks to relate the following cases:

1. *A10 Networks, Inc. v. Brocade Communications Systems, Inc., and F5 Networks, Inc.*, (*"A10 Action"*) Case No. C11-05493-LB, which is presently pending before the Honorable Laurel Beeler, United States Magistrate Judge in the Oakland Division of the Northern District of California. The A10 Action was originally filed in the Central District of California, Southern Division on September 9, 2011, and removed to the Northern District of California by order of the Central District Court.

2. *Brocade Communications Systems, Inc., and Foundry Networks, LLC v. A10 Networks, Inc., Lee Chen, Rajkumar Jalan, Ron Szeto, David Cheung, Liang Han, and Steven Hwang*, (*"Brocade Action"*) Case No. 10-cv-03428 LHK, filed in the Northern District of California, San Jose Division on August 4, 2010 and currently pending before this Court.

Brocade respectfully requests that this Court enter an Order under Civ. L.R. 3-12 (f) finding that these cases are related because they concern substantially the same parties, the same property, and substantially the same transaction or event. Civ. L.R. 3-12 (a)(1). Thus, it appears likely that there would be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civ. L.R. 3-12 (a)(2). Accordingly, the later-filed *A10 Action,* should be re-assigned before this Court, in which the *Brocade Action* pending. Civ. L.R. 3-12(f), 3-12(f)(3).

**I.    REASONS SUPPORTING THE MOTION**

Civ. L.R. 3-12(b) directs a party to file an administrative motion to consider whether an action filed in or removed to this District may be related to an action that is or was pending in this District. Defendant submits that *A10 Action* is related to *Brocade Action* for the following reasons within the meaning of Civ. L.R. 3-12 (a):

- Each action involves A10 Networks, Inc. ("A10") and Brocade.

- The A10 Action involves an assertion by A10 that Brocade infringes two patents, US Patent 7,139,267 & 7,236,491.  Though these patents are not directly related to the patents at issue in the Brocade Action, the A10 Action patents relate to networking features, and have been asserted against Brocade networking products that overlap the accused Brocade products in the Brocade case.  *See* Venkatesan Declaration.

Based on the factual and legal commonalities between the Brocade Action and the A10 Action they concern "substantially the same parties, property, transaction or event," and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a)(1) & (a)(2).  For example, there is a high likelihood of unduly burdensome labor and expense related to discovery concerning the overlapping accused products, the discovery related to economic issues, amongst other things.  Moreover, the overlap of parties and accused products raises the risk of conflicting results on factual findings and discovery issues if the Brocade Action and A10 Action were to proceed separately.

For the foregoing reasons, Brocade respectfully requests this Court determine that A10 Action and Brocade are related to Civ. L.R. 3-12(a) and enter an order that the A10 Action, as the later filed case, be re-assigned to this Court, before whom the Brocade Action is pending.  Civ. L.R. 3-12 (f) (3).  A Declaration and proposed Order accompany this Administrative Motion.

Dated:  November 21, 2011

Respectfully Submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Siddhartha Venkatesan*
SIDDHARTHA VENKATESAN
Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 21, 2011.

Dated: November 21, 2011				Respectfully submitted,

						/s/ *Siddhartha Venkatesan*
						Siddhartha Venkatesan

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD NOT BE RELATED
CASE NO. 10-CV-03428 LHK