UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>A10 NETWORKS, INC., a California corporation; LEE CHEN, an individual; RAJKUMAR JALAN, an individual; RON SZETO, an individual; DAVID CHEUNG, an individual; LIANG HANG, an individual; and STEVE HWANG, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 10-CV-03428-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL |

Presently before the Court is Plaintiffs' administrative motion to file under seal Plaintiffs' expert's declarations and associated exhibits in support of claim construction and summary judgment oppositions. ECF No. 408. Specifically, Plaintiffs seek to file Exhibits J, K, N, O, and P to the Declaration of Nitin Gambhir in Support of Plaintiffs' (1) Claim Construction Brief; (2) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 7,647,427 and 7,716,370; and (3) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,558,195. Plaintiffs also seek to file the Declaration of Izhak Rubin in Support of Plaintiffs' (1) Claim Construction; (2) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 7,647,427 and 7,716,370; and (3) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,558,195.

1

Case No.: 10-CV-03428-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Plaintiffs contend that these documents contain confidential, privileged and trade secret information including references to and analysis of both Plaintiffs' and A10's source code. Plaintiffs also propose to file redacted versions of all documents to be filed under seal so that public access to non-confidential materials will be provided.

As to the Gambhir Declaration, the Court agrees that Exhibits N, O, and P contain confidential and trade secret information, including source code. Accordingly, the motion is GRANTED as to these exhibits, and the Clerk shall file them under seal in their entirety. As to Exhibits J and K, it is not clear on the face of these exhibits that they contain privileged, confidential, or trade secret information. They bear no confidential or attorney's eyes only designations. The declaration also does not state with whom these documents are shared or whether they are publicly available. Accordingly, as to Exhibits J and K, the motion is DENIED without prejudice. Plaintiffs may re-file their motion as to Exhibits J and K.

As to the Rubin Declaration, the Court finds that this entire document cannot be filed under seal. In addition to containing confidential and trade secret information, this declaration contains non-confidential information such as Dr. Rubin's education and experience; prior testimony and compensation; understanding of the law; his opinion as to what the level of ordinary skill in the art is; the list of documents he reviewed; and a background of the technology at issue in this case.

The Court notes that Plaintiffs have failed to comply with Civil Local Rule 79-5(c), which requires that Plaintiffs lodge a copy of the document with the sealable portions identified, and lodge and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order. Plaintiffs have also failed to comply with the Court's standing order of December 1, 2011, which requires a party to publicly e-file, as an exhibit to the administrative motion to file under seal, a proposed public redacted version of the documents that the party is seeking to file under seal.

Accordingly, the motion to file the declaration of Dr. Rubin under seal is DENIED, without prejudice, and Plaintiffs may re-file their motion pursuant to Civil Local Rule 79-5(c) and the Court's December 1, 2011 standing order.

**IT IS SO ORDERED.**

Dated: December 22, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge