UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>A10 NETWORKS, INC., a California corporation; LEE CHEN, an individual; RAJKUMAR JALAN, an individual; RON SZETO, an individual; DAVID CHEUNG, an individual; LIANG HANG, an individual; and STEVE HWANG, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 10-CV-03428-LHK<br><br>ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT |

Presently before the Court are three motions for summary judgment: Defendant and Counterclaimant A10 Networks, Inc.'s and Defendants Lee Chen's and Rajkumar Jalan's (collectively "A10") Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 7,647,427 and 7,716,370 ("A10's '427 Mot."); A10's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 7,558,195 ("A10's '195 Mot."); and Brocade Communication Systems, Inc. and Foundry Networks, LLC's (collectively "Brocade") Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,875,185 ("Brocade's Mot."). The Court held a technology tutorial on December 12, 2011, and a hearing on the claim construction and summary

1

1  judgment motions on December 19, 2011.  For the following reasons, the Court DENIES A10's

2  two motions and GRANTS Brocade's motion.

### I. BACKGROUND

The inventions at issue relate to improving various aspects of network communications.

#### 1. '427 and '370 Patents

Brocade's '427 Patent and the '370 Patent are related and share a common specification. Both patents are titled "Redundancy Support for Network Address Translation." The '427 Patent application was filed on October 18, 2002, and the patent issued on January 12, 2010. The '370 Patent is a divisional of the '427 Patent. The '370 Patent application was filed on January 24, 2007, and the patent issued on May 11, 2010.

The '427 and '370 Patents both teach "providing redundancy support for network address translation (NAT) devices (such as routers or switches) in the event of a failover." '427 Patent 1:10-12.  A NAT device translates Internet Protocol (IP) addresses used within one network to a different IP address known within another network. *Id.* at 1:15-17.  For example, a company may use a NAT device to map its local inside network addresses to one or more global outside IP addresses, and map the global IP addresses on incoming packets back into local IP addresses. *Id.* at 1:20-24.  Such translation is used for security and to limit the number of IP addresses a company uses to communicate outside of its local inside network. *Id.* at 1:24-34.

The inventions claimed by the '427 and '370 Patents overcome a problem in the prior art that occurred when a NAT device without redundancy failed due to, for instance, a power failure. *Id.* at 1:41-45; '370 Patent at 1:48-50.  In such situations, without redundancy, the NAT device would be unable to perform address translation and to forward traffic. *See* '427 Patent at 1:47-48; '370 Patent at 1:52-56.  Even in prior art systems that included a backup NAT device, a NAT device failure would result in network downtime and lost traffic between the time that the failure occurred and the time that the backup NAT device was brought online. '427 Patent at 1:48-53; '370 Patent at 1:56-62.  The inventions claimed by the '427 and '370 Patents provide a method for redundancy support, which allows a backup NAT device to continue the NAT function of a failed

master NAT device without incurring downtime after the failure. *See id.* at 2:54-62; '370 Patent at 2:59-3:3.

### 2. '195 Patent

Brocade's 195 Patent, titled "System and Method for Providing Network Route Redundancy Across Layer 2 Devices," is unrelated to any of the other patents in this lawsuit. Its application was filed April 2, 2007, and the patent issued on July 7, 2009.

The '195 Patent teaches "systems and methods for providing route redundancy across Layer 2 devices, as well as selected ports on L2 devices." '195 Patent at 1:38-40. The invention solves network traffic problems encountered by networks that cover large geographic areas such as Metropolitan Area Networks that span a single urban metropolitan environment. *Id.* at 1:52. These large networks are moving towards using switches, rather than Layer 3 devices such as routers, to avoid latency problems associated with the use of Layer 3 devices. *Id.* at 1:64-66. "In a switched network, all hosts or end nodes connected to the same physical Local Area Network ("LAN") segment reside in the same broadcast domain, which has the potential of flooding the network with traffic and making it essentially unusable as the network grows." *Id.* at 1:67-2:4. The '195 Patent provides route redundancy to Layer 2 networks and improves on the shortcomings of the prior art. The invention achieves route redundancy by having "a plurality of switches arranged in arbitrary configuration or architecture, but must remain loop free through the use, for example, of spanning tree or other protocol. Redundancy is provided through use of a virtual switch identified by an address and having two or more layer switches which communicate with one another to elect a master at any given time." *Id.* at 3:43-49.

### 3. A10's '185 Patent

A10's '185 Patent, titled "Seamless Handoff for a Wireless LAN/Wired LAN Internetworking," claims methods of keeping a mobile device, known as a mobile terminal, connected to a wireless local area network (WLAN) as it moves around and passes from one base station's coverage area to another. The invention provides a method for seamlessly handing off a mobile terminal from one base station to another without losing a network connection. *See* '185

3

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

Patent 1:5-10. The invention improves upon the prior art's "path elongation" method of using a "virtual channel connection" ("VCC") to connect mobile terminals within a network. *See id.* at 1:60-65. The prior art's shortcoming was that as a mobile terminal with a VCC to another mobile terminal moves from one base station's coverage to another, the distance the message must travel increases, which leads to bandwidth waste and slows a network down. *Id*. at 2:31-32; 2:54-57. The invention is a new handoff method that maintains a mobile terminal's VCC as the mobile terminal moves from one base station's coverage to another, but reduces or eliminates path elongation. *Id*. at 3:19-35.

The invention teaches handoff methods for two scenarios: (1) "intraswitch mobility," where a mobile terminal moves from a first base station to a second base station that is connected to the same switch, and (2) "interswitch mobility," where the mobile device moves from a base station associated with a first switch to a new base station associated with a second switch. *Id*. at 3:21-26.

The invention's handoff method in the intraswitch mobility scenario completely eliminates path elongation. *Id*. at 3:27-29. Under the prior art, when a mobile device moved from one base station to another, data had to travel to the old base station first, back to the switch, and then to the new base station. *Id*. at 2:31-54. Under the '185 Patent's method, the switch changes the data path directly to the new base station and eliminates the path through the original base station. *Id*. at 3:27-29. This intraswitch handoff is achieved through four "control" messages: "location," "connection," "routing," and "complete" messages. *Id*. at 5:50-6:4.

The invention's handoff method in the interswitch mobility scenario reduces, but does not completely eliminate, path elongation. *Id*. at 2:29-35. The '185 Patent teaches a handoff method where the switch performs the path set-up, rather than the original base station. *Id*. at 2:29-30. The path may be elongated from the switch connected to the original base station, to the new base station, rather than from the original base station to the new base station. *Id*. at 2:30-33. Interswitch handoff is achieved by the issuance of four control messages: "location," "connection," "routing," and "couple" messages. *Id*. at 7:8-11.

The '185 Patent was filed July 20, 2009, and the patent issued November 23, 2010. A10's Taiwan affiliate, A10 Networks, Inc. Taiwan, purchased the '185 Patent from its original assignee, the Industrial Technology Research Institute, on March 18, 2011. Declaration of Siddhartha M. Venkatesan in Support of Brocade's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,875,185, ECF No. 223 Ex. A. A10 acquired the '185 Patent on May 10, 2011. *Id.*

## II.     LEGAL STANDARD

### A.     Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b), (c). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See id*. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id.* "[A]ll justifiable inferences must be drawn in [the nonmovant's] favor." *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing *Liberty Lobby*, 477 U.S. at 255).

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for

5

trial." *See* Fed. R. Civ. P. 56(e); *see also Liberty Lobby*, 477 U.S. at 250.  The opposing party need not show the issue will be resolved conclusively in its favor.  *See Liberty Lobby*, 477 U.S. at 248–49.  All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial.  *See id.*

As the Federal Circuit has noted, summary judgment of noninfringement is a two-step analysis.  "First, the claims of the patent must be construed to determine their scope.  Second, a determination must be made as to whether the properly construed claims read on the accused device."  *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999) (internal citation omitted).  "[S]ummary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims."  *Id.* at 1304.  "Whether a claim is infringed under the doctrine of equivalents may be decided on summary judgment if no reasonable jury could determine that the limitation and the element at issue are equivalent."  *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed. Cir. 1999) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997)).

### III.  DISCUSSION

#### A.  A10's Motion for Summary Judgment of Noninfringement of '427 and '370 Patents

A10 makes clear that its noninfringement arguments "are *premised on*" the Court adopting A10's proposed construction of the term "base address corresponding to . . . pool of . . . addresses."  *See* A10's '427 Mot. 7 (emphasis added); *see also id.* at 10 ("*if the Court adopts A10's proposed construction* . . . A10 respectfully requests that the Court enter an Order granting A10's motion for summary judgment . . . .") (emphasis added); A10's '427 Reply ("*[B]ased on that construction*, A10's opening summary-judgment brief argued that A10 is entitled to judgment of Noninfringement as a matter of law.") (emphasis added); *id.* at 12 ("A10 has proposed a proper claim construction to the Court, and moves for summary judgment *conditioned upon its proposed construction being adopted*.").  At the hearing, A10 reiterated that its summary judgment motion

6

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

depended upon the Court's adoption of A10's claim construction. In a separate order construing the disputed terms, the Court rejected A10's proposed construction. Accordingly, A10's motion is DENIED.

Even if the Court had adopted A10's proposed construction, however, the Court would have still denied A10's motion. In its claim construction brief and at the hearing, A10 urged the Court to construe "base address corresponding to . . . pool of . . . addresses" to mean "starting address of . . . pool of . . . addresses."

A10 argues that under its construction, A10 is entitled to summary judgment because Brocade cannot show evidence that A10's accused devices practice the elements of "sharing," "associating," or "owning" a "base address," as required by the relevant claims.

The Court finds that there is a material factual dispute as to whether A10's accused devices directly infringe Claims 1, 3-6, and 11 of the '427 Patent and Claims 1, 10, 18, 27, and 32 of the '370 Patent, even under A10's construction of the disputed term.

Brocade points to evidence from the Declarations of John Chiong and Nitin Gambhir as well as Brocade's expert, Dr. Rubin, which Brocade contends raises an issue of material fact as to infringement. Mr. Chiong, Vice President of Engineering Program Management at A10, stated that the AX devices provide for NAT redundancy by allowing "key resources," such as "NAT pools," to "be transferred from one AX device to another AX device." Declaration of John Chiong in Support of Defendant and Counterclaim-Plaintiff A10 Networks, Inc.'s, and Defendants Lee Chen's and Rajkumar Jalan's Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 7,647,427 and 7,716,370, ECF No. 232 ("Chiong '427 Decl."), at ¶ 3. Mr. Chiong stated that "each NAT pool typically contains a range of addresses, with the lowest address in the range being referred to as a 'starting address.'" *Id.* at ¶ 4; *see also* Declaration of Nitin Gambhir in Support of Brocade Communications Systems, Inc. and Foundry Networks, LLC's: (1) Claim Construction Brief; (2) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 7,647,427 and 7,716,370; and (2) Opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,558,195, ECF No. 410 ("Gambhir Decl."), Ex.

7

1  K (lodged with the Court), at 183 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

2  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. As Dr. Rubin explained ■■■■■■■■■■■■■■■■■

3  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

4  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Declaration of Izhak Rubin in

5  Support of Brocade Communications Systems, Inc.'s and Foundry Networks, LLC's (1) Claim

6  Construction Brief; (2) Opposition to Defendants' Motion for Summary Judgment of Non-

7  Infringement of U.S. Patent Nos. 7,647,427 and 7,716,370; and (3) Opposition to Defendants'

8  Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,558,195 (lodged with the

9  Court) ("Rubin Decl."), at ¶ 73. Indeed, the source code of the accused devices appear to use the

10 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

11 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *Compare* '427 at 4:46-56 *with* Gambhir Decl. Ex. K at

12 163 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

13 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

14       Brocade has therefore submitted evidence that A10's accused master device shares not only

15 its entire NAT pool with a backup device, but also that NAT pool's "starting address." This

16 evidence, viewed in the light most favorable to Brocade, is sufficient for a reasonable jury to

17 conclude that the accused devices practice the only claim limitations that A10 argues are missing

18 from A10's accused devices. In other words, this evidence allows a reasonable jury to conclude

19 that the accused devices practice all of the limitations of the claims that A10 argues apply only to

20 "starting addresses," i.e. Claims 1, 10, 18, 27, and 32 of the '370 Patent, and Claims 1, 3-6, and 11

21 of the '427 Patent. Thus, Brocade has submitted evidence from which a reasonable jury could

22 conclude that A10's accused AX Series™ devices "contain[], either literally or under the doctrine

23 of equivalents, every limitation of the properly construed claim." *Seal Flex, Inc. v. Athletic Track*

24 *and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999).

25       A10's argument that this evidence would be insufficient to raise a material factual dispute is

26 unavailing. A10 argues that the claims "plainly require sharing a 'base' ('starting') address, not the

27 pool of addresses itself." A10 '427 Reply 4. However, A10 acknowledges that the NAT pool

28

8

"contains . . . a starting address." Chiong '427 Decl. ¶ 4. A10 cannot avoid infringement just because the master AX device happens to share with a backup device other addresses in a NAT pool in addition to sharing the "starting address." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 811 (Fed. Cir. 1999) ("[I]nfringement is not avoided by the presence of elements or steps in addition to those specifically recited by the claims."); *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983) ("[O]ne cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device."). Whereas at claim construction A10 urged the Court to construe "base address corresponding to . . . pool of . . . addresses" to mean "starting address of . . . pool of . . . addresses," A10 now appears to be arguing that this term should be construed to mean "*only* the starting address of . . . pool of . . . addresses." Given that the latter construction was not adopted by the Court, Brocade has raised a material factual dispute as to whether A10's product infringes the claims as properly construed.

Thus, because Brocade has raised several facts that would allow a reasonable jury to find that A10's products infringe upon the asserted claims of the '427 and '370 Patents, A10's motion for summary judgment of noninfringement as to these patents is DENIED.[1]

### B. A10's Motion for Summary Judgment of Noninfringement of '195 Patent

A10's motion for summary judgment of noninfringement of the '195 Patent is "premised on A10's proposed construction" of "transmitting . . . redundancy control packets for flooding throughout the Layer 2 network" to mean "forwarding packets without routing addresses." *See* A10's '195 Mot. 4; *see also id.* at 7 ("*if* the Court adopts A10's proposed construction . . . , A10 respectfully requests that the Court enter an Order granting A10's motion for summary judgment of noninfringement of U.S. Patent 7,558,195) (emphasis added). Indeed, the crux of A10's argument is that the accused devices achieve redundancy by sending heartbeat messages *with* routing addresses, and, therefore, the accused devices cannot infringe Claim 1 of the '195 Patent. *Id.* at 5. In a separate order construing the disputed term, the Court rejected A10's proposed construction.

---

[1] In the parties' November 29, 2011 Joint Case Management Statement, Brocade requested that the Court strike A10's motion on the ground that it was not contingent on claim construction. ECF No. 349, at 8. The Court disagrees and DENIES Brocade's motion to strike.

9

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

The Court construed the disputed term to mean "transmitting . . . redundancy control packets that are in some way configured to be flooded throughout the Layer 2 network." This construction recognizes that packets can be configured to be flooded throughout the Layer 2 network in ways other than by omitting a routing address. Accordingly, A10's motion for summary judgment of noninfringement as to the '195 Patent is DENIED.[2]

### C. Brocade's Motion for Summary Judgment of Noninfringement of the '185 Patent.

On May 16, 2011, A10 asserted a counterclaim against Brocade, alleging that Brocade's products infringe A10's '185 Patent. ECF No. 92. Specifically, A10 accuses the following categories of products (collectively, the "accused products"): (1) Brocade's Mobility Products, including its Mobility Controllers and Access Points, Declaration of Professor Anthony Acampora in Support of Brocade Communications Systems, Inc. and Foundry Networks, LLC's Motion for Summary Judgment of Noninfringement of U.S. Patent 5,875,185 ("Acampora Decl."), ECF No. 224, at ¶ 58; (2) Brocade's IP network devices, including the FastIron WS, SX, and FCX series, Acampora Decl. ¶ 62; and (3) Brocade's professional services and configuration software, including its IP Networking Infrastructure Services, Acampora Decl. ¶ 66.; *see also* A10's Opp'n 8.

Brocade moves for summary judgment of noninfringement of the '185 Patent on the grounds that (1) A10 has not set forth evidence that Brocade's accused products practice every element of the asserted claims, as required to show literal infringement, and (2) A10 has presented no evidence of equivalency under the doctrine of equivalents. Broadly speaking, Brocade asserts that the record is barren of facts to support that Brocade's accused products practice either virtual channel connections or a series of control messages, both of which are essential elements of every claim asserted under the '185 Patent.

Rather than respond to the substance of Brocade's assertions of noninfringement, A10 only argues that it has not had reasonable time to investigate its claims under Federal Rule of Civil

---

[2] The Court need not address A10's doctrine of equivalents argument because it is based on A10's construction of the disputed claim term, which the Court did not adopt.

10

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

Procedure 56(d). A10 argues that Brocade's delay in its document production in response to A10's January 26, 2011 document requests, has prevented A10 from analyzing Brocade's documents describing the functionality of the accused products. A10 requests that the Court postpone consideration of the instant motion to allow A10 a reasonable time to review Brocade's document request, which was not substantially completed until October 19, 2011, eight days after Brocade filed the instant motion.

The Court addresses A10's Rule 56(d) request first, and the merits of Brocade's motion for summary judgment of noninfringement second.

### 1. Federal Rule of Civil Procedure 56(d)

Under Federal Rule of Civil Procedure 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The Court applies Ninth Circuit law to determine whether relief is proper under Rule 56(d). *Exigent Tech., Inc. v. Atrana Solutions, Inc.,* 442 F.3d 1301, 1310 (Fed. Cir. 2006).[3] A party seeking relief under Rule 56(d) must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr, Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The party must also show that it "diligently pursued its previous discovery opportunities, and . . . demonstrate that allowing additional discovery would . . . preclude[] summary judgment." *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

A10 argues that Brocade's October 11, 2011 document production should contain "documents revealing technical specifications, features, architecture, coding, circuit design,

---

[3] Federal Rule of Civil Procedure 56(d) was formerly 56(f). The rule was amended on December 1, 2010. As the Committee notes, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Committee Notes on Rules—2010 Amendment, Fed. R. Civ. P. 56. The Court thus applies existing precedent under Rule 56(f). *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011).

11

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

interoperability with other products, and representations made by Brocade to its customers regarding its products -- all of which are relevant to A10's infringement analysis and none of which are publicly available." A10's Opp'n 6. A10 argues that without these documents its ability to depose and cross-examine Brocade's expert is hamstrung, and that A10 is impeded from providing its own rebuttal expert opinions.

Rather than address the merits of Brocade's arguments, A10 attempts to raise three factual disputes warranting denial of Brocade's motion. A10 asserts that Brocade's documents contain facts essential to the following three issues: (1) whether Brocade's accused products perform functions other than the IEEE 802.11 communication protocol such as "[c]entralized and distributed traffic forwarding," Declaration of Scott R. Mosko in Support of Defendant and Counterclaimant A10 Networks, Inc.'s and Defendants Lee Chen, Rajkumar Jalan, Ron Szeto, and Steve Hwang's Response to Plaintiffs' Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,875,185 and Motion Pursuant to Rule 56(d), ECF No. 308 ("Mosko '185 Decl."), Ex. D, at 3; (2) whether Brocade's accused products create virtual connections; and (3) how Brocade's accused IP Network Infrastructure Services function. A10's '185 Opp'n 6-8. However, after more than two months of reviewing Brocade's October 11, 2011 document production, A10 did not and could not state at the hearing whether these documents supported A10's alleged factual disputes.

Moreover, A10 has failed to submit affidavits "specifically identifying . . . relevant information" that A10 could discover that would prevent summary judgment, as required by Rule 56(d). A10's attached declaration of its counsel merely listing the date of Brocade's document production does not point to any specific relevant information that would preclude summary judgment. The bare assertion that Brocade's accused products may perform functions other than the IEEE 802.11 communication protocol is hardly the "specific identification of relevant information" that would merit relief under Rule 56(d). *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund*, 353 F.3d 1125, 1129-30 (9th Cir. 2004).

A10 also fails to raise a material factual dispute regarding Brocade's accused professional services and configuration software. Brocade claims that A10's infringement contentions did not

12
Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

describe any facts detailing how Brocade's accused professional services infringe A10's '185 Patent. *See* Reply 9 & n.9; Acampora Decl. ¶ 66. In its Reply, A10 did not respond to this Brocade claim, Acampora Decl. ¶ 66, let alone point to any specific facts that would preclude summary judgment of noninfringement. Instead, A10 merely stated that it "has requested discovery on these services, but is not yet aware that its requests have been met." A10's Opp'n 8. This falls short of the specific showing A10 must make to obtain relief under Rule 56(d).

A10 has a stronger argument that upon further discovery it may be able to raise a genuine material factual dispute as to whether Brocade's Mobility Controllers and Access Points use virtual channel connections. A10 cites one passage in a Brocade reference guide that suggests that these devices may practice VCCs: "The controller uses access points to bridge data to and from wireless devices . . . . All data packets to and from wireless devices are processed by the controller, where appropriate policies are applied before they are decapsulated and sent to their destination." A10 Opp'n 7 (citing Mosko Decl. Ex. E). However, A10 does not set forth specific facts it expects to discover that would raise a material factual dispute as to whether the accused products practice control messages, as required in the other asserted claims. As described in greater detail below, A10 fails to raise a genuine material factual dispute as to these control messages. Thus, even if the Court were to grant A10 discovery to pursue its investigation of Brocade's products' use of virtual channel connections, this additional discovery would not preclude summary judgment of noninfringement. Thus, A10 is not entitled to relief under Rule 56.

Moreover, the Court finds that A10 has not been diligent in pursuing discovery. As Brocade points out, A10's January 26, 2011 document requests pre-date A10's acquisition of the '185 Patent on May 10, 2011, and A10's assertion of the '185 Patent against Brocade on May 16, 2011. A10 has failed to amend its document requests to include requests specific to the '185 Patent. Nor did A10 ever move to compel the production of these documents, even though the document requests had been pending since January 26, 2011. Additionally, since August 2011, A10 has had technical documents relating to each product accused of infringing the '185 Patent, as well as Brocade's source code for the accused FastIron products. Declaration of Siddhartha M.

13
Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

1   Venkatesan in Support of Brocade Communications Systems, Inc. and Foundry Networks, LLC's

2   Reply Brief in Further Support of Summary Judgment of Noninfringement of U.S. Patent No.

3   5,875,185 ("Venkatesan '185 Reply Decl."), ECF No. 336, at ¶ 8.  Yet A10 has not amended its

4   infringement contentions relating to the '185 Patent since the infringement contentions were first

5   filed on June 24, 2011.

6   Thus, because A10 has not set forth in an affidavit or declaration with specificity what facts

7   it expects to discover that would preclude summary judgment of noninfringement, and because

8   A10 has not shown that it was diligent in pursuing discovery, the Court DENIES A10's request for

9   relief under Rule 56(d).

10              **2.       The Merits of Brocade's Motion for Summary Judgment**

11  To prevail on infringement at trial, A10 would have to show, by a preponderance of the

12  evidence, that every limitation set forth in the asserted claims is found in Brocade's accused

13  products or processes "exactly or by a substantial equivalent."  *Laitram Corp. v. Rexnord Inc.*, 939

14  F.2d 1533, 1536 (Fed. Cir. 1991).  Thus, on a motion for summary judgment of noninfringement,

15  the movant makes a prima facie case by "stating that the patentee had no evidence of infringement

16  and pointing to the specific ways in which accused systems did not meet the claim limitations."

17  *Exigent*, 442 F.3d at 1309.  The burden then shifts to the non-movant to establish a genuine dispute

18  of material fact that would allow a reasonable jury to find that the accused products practice every

19  limitation, or its equivalent, of each asserted claim.

20  Brocade argues that its accused products practice "connectionless" networking technology,

21  which is outside of the scope of the '185 Patent.  As described above, the '185 Patent minimized

22  the problem of "path elongation" in prior art networks.  "Path elongation" would occur when a

23  mobile terminal with an existing virtual channel connection to another mobile terminal moved

24  from the coverage area of one base station to another.  For example, this would be a problem for

25  someone riding a train while talking on her cell phone with another cell phone user.  Brocade

26  submits evidence that its products do not use a "virtual channel connection," an essential limitation

27  of each of the asserted claims, even if that term is construed by the Court to mean "logical path," as

28

14

A10 proposes.[4]  In addition, Brocade has submitted evidence that its accused products do not use the series of control messages, which are separate limitations of the asserted claims of the '185 Patent.  Finally, Brocade points out that A10 has identified no evidence that Brocade's accused products infringe under the doctrine of equivalents.  As the Federal Circuit has stated, "evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement."  *Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989).  Thus, Brocade has made a prima facie case that it is entitled to summary judgment.

A10 has failed to offer facts sufficient to allow a jury reasonably to find that Brocade's accused products practice every limitation, or its equivalent, of each asserted claim of the '185 Patent.  Furthermore, at the December 19, 2011 hearing, A10 did not provide any new factual disputes, even though A10 was in possession of Brocade's documents since October 11, 2011.  Nor did A10 elucidate any new theories or additional facts regarding infringement after reviewing Brocade's documents for more than two months.  Finally, at the hearing the Court asked what Rule 11 investigation results led A10 to sue Brocade for infringement.  A10 pointed to Brocade's system reference guide, Mosko Decl. Ex. E, as sufficient evidence of infringement.  However, as explained above, this guide at most provides some evidence that Brocade's mobility controllers may practice VCCs.  A10 did not articulate, and this Court was unable to discern, how this reference guide raises a material factual dispute as to control messages, which are required by all claims.

Accordingly, the Court GRANTS Brocade's motion for summary judgment of noninfringement of the '185 Patent.  The Court analyzes each of the claims in turn.

### 1.      Claim 1

Claim 1 teaches a method of intra-switch mobility:

> A handoff method for a wireless local area network servicing at least two mobile terminals, when a first mobile terminal moves from a first coverage area covered by a first base station connected to a switch to a second coverage area covered by a second base station connected to the same switch, the method comprising the steps of:

---

[4] In a separate order construing disputed terms, the Court construed "virtual channel connection" to mean "a logical, rather than physical, connection."

15

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

> a. the first mobile terminal issuing to the first base station a *location message* containing the location of the second base station;
>
> b. the first mobile terminal issuing to the second base station a *connection message* containing *virtual channel connections* for the first mobile terminal;
>
> c. the first base station issuing a *routing message* containing the location of the first and second base stations and the *virtual channel connections* for the first mobile terminal;
>
> d. the switch altering the *virtual channel connections* for the first mobile terminal to reflect the move to the second coverage area; and
>
> e. the switch issuing to the second base station a *complete message* containing the altered *virtual channel connections* for the first mobile terminal.

(emphasis added to construed claim terms).

Brocade has stated that there is "no evidence of infringement" and has "point[ed] to the specific ways" in which the accused products do not meet all of the limitations of this claim. In addition to pointing out that its products do not use "virtual channel connections," Acampora Decl. at 71-73 & ¶¶ 30-34, Brocade has submitted expert testimony that its products' "association" messages do not satisfy the various control message limitations contained in claims 1(a)-(c) & (e). Acampora Decl. ¶ 55, 78. For example, Brocade's evidence shows that its "association" messages do not satisfy Claim 1(a) because they are not sent "to the first base station," nor do they "contain[] the location of the second base station." Acampora Decl. at 24-30 & ¶¶ 55-56. Thus, even if A10 has raised any doubt as to whether Brocade's accused products use "virtual channel connections," as construed by the Court, A10 has not set forth any facts to establish a material factual dispute as to whether any element of Brocade's accused products practice any of the control message limitations in Claims 1(a)-(c) & (e). Accordingly, the Court finds that Brocade has not infringed Claim 1 of the '185 Patent, and therefore GRANTS Brocade's motion as to this claim.

### 2. Claim 2

Claim 2 depends from Claim 1, which the Court has found Brocade does not infringe. "It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed." *Wahpeton Canvas Co. v. Frontier Inc.*, 870 F.2d

16

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

1546, 1553 (Fed. Cir. 1989). Accordingly, the Court finds that Brocade has not infringed Claim 2 of the '185 Patent, and therefore GRANTS Brocade's motion as to this claim.

### 3. Claim 3

Claim 3 teaches a method of interswitch mobility:

> A handoff method for a wireless local area network servicing at least two mobile terminals, when a first mobile terminal moves from a first coverage area covered by a first base station connected to a first switch to a second coverage area covered by a second base station connected to a second switch, the first and second switches connected by a local area network, the method comprising the steps of:
>
> a. the first mobile terminal issuing to the first base station a *location message* containing the location of the second base station;
>
> b. the first mobile terminal issuing to the second base station a *connection message* containing *virtual channel connections* for the first mobile terminal;
>
> c. the first base station issuing a *routing message* containing the location of the first and second base stations and the *virtual channel connections* for the first mobile terminal;
>
> d. the first switch issuing, via the second switch, to the second base station a *couple message* containing the *virtual channel connections* for the first mobile terminal; and
>
> e. the first switch updating the *virtual channel connections* for the first mobile terminal to reflect the move to the second coverage area.

(emphasis added to construed claim terms).

Because limitations 3(a)-(c) & (e) are identical to the limitations in Claim 1(a)-(c) & (e), the Court finds that Brocade's accused products do not infringe Claim 3 of the '185 Patent for the same reasons they do not infringe Claim 1. Accordingly, Brocade's motion is GRANTED as to this claim.

### 4. Claim 4 & 5

Claims 4 and 5 both depend from Claim 3. Thus, the Court finds that Brocade's accused products do not infringe Claims 4 and 5 of the '185 Patent for the same reasons they do not infringe Claim 3. *Wahpeton Canvas*, 870 F.2d at 1553. Accordingly, the Court GRANTS Brocade's motion as to these claims.

17
Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

### 5. Claim 6

Claim 6 depends from Claim 5. Thus, the Court finds that Brocade's accused products do not infringe Claim 4 of the '185 Patent for the same reasons they do not infringe Claim 5. *Wahpeton Canvas*, 870 F.2d at 1553. Accordingly, the Court GRANTS Brocade's motion as to this claim.

### 6. Claim 7

Claim 7 teaches the following:

A handoff method for a wireless local area network servicing at least two mobile terminals, and having at least two base stations and at least two switches; each mobile terminal being in wireless communication with a base station covering a coverage area, each base station being connected to a switch, and the switches being connected by a wired local area network (LAN), the method comprising the steps of:

a. designating a *virtual channel connection (VCC)* between a first and a second mobile terminal; and

b. altering the *VCC* between the first and second mobile terminals when the second mobile terminal moves from a first base station to a second base station, where:
(1) if the first and second base stations are connected to the same switch, altering the *VCC* in the first switch, deleting the *VCC* in the first base station, and adding the altered *VCC* in the second base station; and

(2) if the first and second base stations are connected to a first and a second switch, respectively, establishing an elongated path by:

1. creating a *switched virtual connection (SVC)* from the first base station to the second base station via the first and second switches;

2. deleting the *VCC* in the first base station,

3. after deleting the *VCC* in the first base station, determining if a loop exists in a switch in the *SVC*;

4. if a loop is determined to exist in a switch, eliminating the loop;

5. altering the *VCC* to delete the eliminated loop; and

6. sending to the second base station a *couple message* containing the *VCC* for the second mobile terminal.

(emphasis added to construed claim terms).

18

Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

1     Brocade has set forth how A10 has failed to produce any facts that Brocade's accused

2 products practice the limitation of "sending to the second base station a couple message containing

3 the VCC for the second mobile terminal." *See* Acampora Decl. 32-33 & ¶ 78.  Brocade has also

4 pointed out how A10 has failed to produce any facts that the accused products "creat[e] a switched

5 virtual connection (SVC) from the first base station to the second base station via the first and

6 second switches." *See* Acampora Decl. ¶ 57(b); Brocade's '185 Mot. 19 (citing Acampora Decl. ¶

7 57).  Therefore, Brocade has made a prima facie case that it is entitled to summary judgment as to

8 Claim 7.

9     A10 has failed to establish a material factual dispute as to the infringement of Claim 7.

10 Even if A10 has raised some doubt as to whether Brocade's accused products use "virtual channel

11 connections," A10 has not set forth any facts to establish a material factual dispute as to whether

12 Brocade's accused products send to "the second base station a *couple message* containing the VCC

13 for the second mobile terminal."

14     A10 asserts that Exhibits D and E to the Mosko Declaration raise a genuine issue of

15 material fact as to infringement.  At most, as A10 indicated at the hearing, these documents raise a

16 possibility that Brocade's products use a communication protocol other than 802.11.  However,

17 A10 did not point out, either in its briefing or at oral argument, specific facts in these documents

18 showing that Brocade's accused products are capable of practicing the "couple message" limitation

19 of Claim 7.  Although the claim appears to require the couple message only in the interswitch

20 scenario, "the accused infringing product must be capable of accomplishing the *entire* method of

21 the claim."  *WebZero, LLC v. ClicVU, Inc.*, No. CV-08-0504-MRP PLAX, 2009 WL 8173102, at

22 *4-5 (C.D. Cal. May 1, 2009) *aff'd*, 392 F. App'x 863 (Fed. Cir. 2010) (citing *Ferguson*

23 *Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1346 (Fed.

24 Cir. 2003) (internal quotation marks omitted; emphasis added).  *See also Wolverine World Wide,*

25 *Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994) ("If an express claim limitation is absent

26 from the accused product, there can be no literal infringement as a matter of law.").  Thus, A10 has

27 not submitted evidence that would allow a jury to reasonably find, by a preponderance of the

28

19
Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING
BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

evidence, that every limitation set forth in the asserted claim is found in Brocade's accused products. *Laitram*, 939 F.2d at 1536.

Accordingly, the Court finds that Brocade has not infringed Claim 7 of the '185 Patent, and therefore GRANTS Brocade's motion as to this claim.

### 7. Claim 8

Claim 8 depends from Claim 7. Thus, the Court finds that Brocade's accused products do not infringe Claim 8 of the '185 Patent for the same reasons it does not infringe Claim 7. *Wahpeton Canvas*, 870 F.2d at 1553. Accordingly, the Court GRANTS Brocade's motion as to these claims.

## IV. Conclusion

For the foregoing reasons, A10's motions for summary judgment are DENED and Brocade's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: January 6, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

20
Case No.: 10-CV-03428-LHK
ORDER DENYING A10'S MOTIONS FOR SUMMARY JUDGMENT OF NONINFRINGEMENT; GRANTING BROCADE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT