UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiffs and Counterclaim Defendants,<br><br>　　v.<br><br>A10 NETWORKS, INC., a California corporation; LEE CHEN, an individual; RAJKUMAR JALAN, an individual; RON SZETO, an individual; DAVID CHEUNG, an individual; LIANG HANG, an individual; and STEVE HWANG, an individual,<br><br>　　　　Defendants and Counterclaimants. | Case No.: 10-CV-03428-LHK<br><br>ORDER GRANTING BROCADE'S MOTION TO COMPEL FORENSIC INSPECTION OF RON SZETO'S COMPUTER HARD DRIVES |

Before the Court is Brocade's motion to compel forensic inspection of Ron Szeto's computer hard drives. ECF No. 424. The Court previously denied Brocade's requested relief at a case management conference held on December 19, 2011, but invited Brocade to file a motion for reconsideration. ECF No. 416. Pursuant to the Court's order, Brocade filed its motion on December 27, 2011, and A10 filed its opposition on January 4, 2012, ECF No. 428. Having considered the parties' arguments and the case law that was not presented to the Court at the December 19, 2011 case management conference, the Court GRANTS Brocade's motion and orders the forensic inspection of Mr. Szeto's computer hard drives pursuant to the procedures described below.

Federal Rule of Civil Procedure 34 allows a party to request "to inspect, copy, test, or sample," among other things, "data or data compilations . . . stored in any medium . . . ." The

1

Case No.: 10-CV-03428-LHK
ORDER GRANTING BROCADE'S MOTION TO COMPEL FORENSIC INSPECTION OF RON SZETO'S COMPUTER HARD DRIVES

Advisory Committee noted that Rule 34 "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." Federal Rule of Civil Procedure 26, in turn, limits the scope of discovery, specifically stating that a party "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Upon a showing that the information is not reasonably accessible because of undue burden or cost, "the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id.* Although A10 has shown that the information that Brocade seeks is not reasonably accessible given the cost and burden of producing the information, Brocade shows good cause for requiring its production.

On page three of its motion, Brocade cites several cases in which sister courts have found forensic inspection of computer hard drives to be justified in cases, where, as here, the electronic information on the hard drives is relevant to a plaintiff's claims of trade secret misappropriation. *See, e.g.*, *Ameriwood Industries, Inc. v. Liberman*, No. 4:06-CV-524-DJS, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006) ("Considering the close relationship between plaintiff's claims and defendants' computer equipment, and having cause to question whether defendants have produced all responsive documents, the Court will allow an independent expert to obtain and search a mirror image of defendants' computer equipment."); *Balboa Threadworks, Inc. v. Stucky*, No. 05-11157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006) ("Courts have found that such access is justified in cases involving both trade secrets and electronic evidence, and granted permission to obtain mirror images of the computer equipment which may contain electronic data related to the alleged violation.").

In opposition, A10 cites to one case, *Han v. Futurewei Techs., Inc.*, No 11-CV-831-JM, 2011 WL 4344301, at *5 (S.D. Cal. Sept. 15, 2011), in which the court declined to allow forensic inspection of a computer hard drive. Opp'n 3. *Han* is inapposite here. The *Han* court indicated that it would not "presently" grant the requested forensic inspection because the defendant seeking

2

Case No.: 10-CV-03428-LHK
ORDER GRANTING BROCADE'S MOTION TO COMPEL FORENSIC INSPECTION OF RON SZETO'S COMPUTER HARD DRIVES

the forensic inspection did not have a counterclaim pending against the plaintiff, and the defendant had not yet served discovery requests seeking the relevant information. *Han*, 2011 WL 4344301, at *4 (noting that the information sought would "not be relevant to the claims and defenses in this case until and unless the district judge grant's [defendant's] motion for leave to amend pleadings to assert a counterclaim against [plaintiff].").

Here, by contrast, Brocade has pending claims of patent and copyright infringement as well as trade secret misappropriation, breach of contract, breach of fiduciary duty, breach of duty of loyalty, interference with prospective economic advantage, interference with contract, and unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq*. At Mr. Sia's 30(b)(6) deposition on December 14, 2011, A10 admitted that 196 of Brocade's source code files were on Mr. Szeto's hard drive from the laptop he used at Foundry and later took with him to A10, Nguyen Decl. Ex. F, at 139:11-15, even though Mr. Szeto represented upon leaving Foundry that he had not retained any information that related in any way to Foundry or its business, *id.* Ex. G.[1] A10 also claimed that Mr. Szeto did not know the source code files were on his hard drive, and that Mr. Szeto "never looked at them, never deleted, never modified it [sic]." *Id.* at 139:16-20. A10 admitted that Mr. Szeto's hard drive was imaged in late 2010, *id.* at 139:16, 145:11-12, and later "recycled" during the pendency of this litigation, but A10 failed to explain what "recycled" means. *Id.* at 141:23-143:7. A10 also admitted that the source code files were later transferred from the imaged hard drive to Mr. Szeto's current computer hard drive at A10. *See id.* at 148:4-149:5. Thus, Brocade

---

[1] Brocade has moved to file Exhibits F-H to the Nguyen Declaration under seal. ECF No. 423. Exhibit F contains the transcript of the Mr. Sia's 30(b)(6) deposition, and Brocade argues that the transcript should be filed under seal in its entirety because it has been designated "Confidential" and contains confidential information including references to and analysis of both Plaintiffs' and A10's source code files. The Court disagrees, and finds that it would be inappropriate to file the entire transcript under seal because much of the transcript does not contain personal, confidential or trade secret information. Accordingly, Brocade's administrative motion to file under seal is DENIED without prejudice as to Exhibit F. If the parties will continue to seek under seal filing, the parties must meet and confer and submit a new administrative motion to file under seal along with narrowly tailored proposed redactions to Exhibit F, pursuant to General Order No. 62, Civil Local Rule 79-5, and the Court's standing order. As to Exhibits G and H, the Court finds that these documents contain sensitive, proprietary, and confidential information and these entire exhibits are sealable. Accordingly, Brocade's administrative motion to file under seal is GRANTED as to Exhibits G and H. Brocade shall electronically file these exhibits under seal.

has shown that forensic imaging and analysis of the deleted files is relevant to at least Brocade's trade secret misappropriation and copyright claims, and to testing the veracity of A10's claims as to whether any of Brocade's source code files on Mr. Szeto's hard drives were accessed while A10 was developing the source code for the AX Series devices, or whether any of Brocade's source code files on Mr. Szeto's hard drives were ever deleted.  It is unlikely that Brocade would be able to obtain this relevant information from other sources given A10's 30(b)(6) witness's apparent inability and/or unwillingness to provide this information.  Thus, Brocade's need for the discovery outweighs A10's burden and cost of locating, retrieving, and producing the information.

Furthermore, unlike in *Han*, Brocade has already unsuccessfully sought to discover the relevant information in its document requests.  *See* Nguyen Decl. Ex. C (requesting "production of every hard drive and/or other storage device, of any kind, that ever contained a copy of [the relevant Brocade source code]"); *id.* Ex. D, Plaintiffs Brocade Communications Systems, Inc.'s and Foundry Networks, LLC's Request for Production of Documents and Things to Defendant A10 Networks, Inc., Set Two (Request Nos. 18, 49, 51); *id.* Ex. E, Plaintiffs Brocade Communications Systems, Inc.'s and Foundry Networks, LLC's Request for Production of Documents and Things to Defendant Ron Szeto, Set One (Request No. 38).  In light of A10's inability to explain what it meant by its statement that Mr. Szeto's hard drive has been "recycled," Brocade has shown that "serious questions exist both as to the reliability and the completeness of materials produced in response to these discovery requests" by A10.  *Cf. Advante Int'l Corp. v. Mintel Learning Tech.*, No. 5-CV-01022-JW (RS), 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006) (Seeborg, M.J.).  Thus, a forensic inspection of Mr. Szeto's hard drives is justified.  Accordingly, the Court GRANTS Brocade's motion.

Brocade has proposed an inspection, search, and production protocol that takes many steps to protect A10's confidential and attorney client privileged information, for example, by requiring that the forensic expert produce any recovered files to A10 first, to allow A10's counsel to review the files as to relevance, responsiveness, and privilege prior to any disclosure to Brocade. Nevertheless, the Court agrees with the approach taken in *Advante* and finds that Brocade "is not

4

Case No.: 10-CV-03428-LHK
ORDER GRANTING BROCADE'S MOTION TO COMPEL FORENSIC INSPECTION OF RON SZETO'S COMPUTER HARD DRIVES

entitled to set the conditions of the inspection unilaterally nor to select the person who will perform it." *See id.* Accordingly, the parties shall meet and confer in person within 4 business days of the date of this order to attempt to agree on a protocol for the imaging, analysis, and subsequent production of responsive documents. This protocol must minimize the burden and inconvenience to A10. *Cenveo Corp. v. Slater*, No. 06-CV-2632, 2007 WL 442387, at *3 (E.D. Pa. Jan. 31, 2007).[2] If the parties cannot agree that the inspection can be carried out by Brocade's expert under observation by an expert retained by A10, then the parties shall attempt to agree on a procedure for selecting a neutral third party expert to conduct the inspection. No later than January 17, 2012, the parties shall file a joint letter brief setting forth what agreement they may have reached and what disagreements may remain as to an inspection protocol.

If the parties have not reached an agreement as to the identity or identities of one or more experts who will conduct the inspection, then by January 17, 2012, each party shall propose the names of up to three experts, and shall provide the Court with information regarding their qualifications and the fees they will charge to complete the work.[3]

**IT IS SO ORDERED.**

Dated: January 9, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] The Court notes that it appears to be customary for the party seeking the inaccessible electronic information to bear the costs of the forensic inspection. *See, e.g.*, *Ameriwood*, 2006 WL 3825291, at *5.

[3] On January 6, 2012, Brocade filed a supplemental declaration of Annette Hurst in further support of its motion. ECF No. 432. The Court did not rely on the arguments or facts presented in this declaration in ruling on the motion. However, to the extent A10 seeks to discover substantially similar electronic information from hard drives in the possession of Brocade, the Court strongly encourages the parties to develop a protocol that would apply equally to the discovery requests of both parties.