UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>A10 NETWORKS, INC., a California corporation; LEE CHEN, an individual; RAJKUMAR JALAN, an individual; RON SZETO, an individual; DAVID CHEUNG, an individual; LIANG HANG, an individual; and STEVE HWANG, an individual,<br><br>Defendants and Counterclaimants. | Case No.: 10-CV-03428-LHK<br><br>ORDER RE: DISCOVERY DISPUTES, FORENSIC INSPECTION PROTOCOL, VACATING CONFERENCE, AND DISCOVERY SPECIAL MASTER |

The Court has made special efforts to facilitate the resolution of discovery disputes in this case. In addition to specially setting and expediting hearings to deal with the voluminous motions in this case, the Court has specially set conferences in which counsel meet in the Court's jury room then meet with the undersigned judge, often for hours, to resolve discovery disputes. Unfortunately, it appears that for some discovery disputes counsel are meeting and conferring in person for the first time at the specially set conferences despite the Court's orders that lead trial counsel must meet and confer in person before raising a discovery dispute with the Court.

For the February 8, 2012 specially set conference, the parties filed exhaustive lists of discovery disputes. However, there is no indication that lead trial counsel attempted in person to reach a resolution of these disputes in good faith.

The Court hereby rules on the parties' discovery disputes as set forth below. The February 8, 2012 specially set conference is VACATED.

1

By February 10, 2012, the parties are ORDERED to select a special master to resolve all discovery disputes, including any claims that a party did not comply with this Court's discovery orders. Brocade shall withdraw its expedited motion specially set for hearing on February 23, 2012, and bring that motion before the special master. The parties must act promptly to resolve their discovery disputes because the Court will not extend the March 2, 2012 fact discovery cutoff absent extraordinary circumstances.

Brocade's Discovery Disputes

1. By 5:00 p.m. on February 10, 2012, A10 must provide to Brocade deposition dates for Tim Sia, Rajkumar Jalan, Dennis Oshiba, John Forte, Yang Yang, Richard Zang, John Jokom, and Walter Yu.

2. Brocade's request for 7 additional hours each to depose Lee Chen and Ron Szeto is denied.

3. A10 must produce its customers' names, including paired sales data, to Brocade on February 13, 2012.

4. A10 shall produce the documents identified in Exhibit A to Brocade's Statement of Pending Issues, Dkt. No. 458, in their native format to Brocade by February 17, 2012.

5. A10 shall prepare and produce a 30(b)(6) witness regarding Ron Szeto and third party source code files by February 17, 2012.

6. Parties may instruct their witnesses not to answer a deposition question only on the grounds of privilege.

A10 Discovery Disputes

1. Brocade must narrow its trade secrets from 25 to 20 by February 10, 2012.

2. Brocade must provide complete responses that address the deficiencies identified in A10's Statement of Pending Issues, Dkt. No. 459, to A10's Interrogatory Nos. 1-3 by February 10, 2012.

3. A10 may disclose the lines of A10 code that Brocade identified in its January 31, 2012 Interrogatory Nos. 1-3 responses to A10 witnesses who are necessary for A10's defense in this case and who have signed the Protective Order in this case.

4. By 5:00 p.m. on February 10, 2012, Brocade must provide deposition dates for its 30(b)(6) witnesses.

5. A10's request to extend fact discovery by two months is denied.

2

Case No.: 10-CV-03428-LHK
ORDER RE: DISCOVERY DISPUTES, FORENSIC INSPECTION PROTOCOL, VACATING CONFERENCE, AND DISCOVERY SPECIAL MASTER

6. Brocade must produce a 30(b)(6) witness to testify about the two issues referenced in A10's Statement of Pending Issues, Dkt. No. 459, by February 17, 2012.

7. For the jury trial in this case, each party will have 25 hours for opening statements and witness examinations. Each side will have 1.5 hours for closing arguments. The Court will not construe any more patent terms before trial.

8. A10's request to limit expert reports to the issues to be tried in July 2012 is granted.

Liang Han's Statement of Additional Issues

1. Brocade must supplement its responses to Liang Han's Set One Interrogatories to address the deficiencies raised in Liang Han's Statement of Additional Issues, Dkt. No. 457, by February 10, 2012.

2. Similar to the stipulation for David Cheung, the parties shall stipulate to Liang Han's access to confidential information, so that Liang Han may defend himself.

David Cheung's Letter of Unresolved Discovery Disputes

1. David Cheung and Liang Han must respond to interrogatories requesting their individual net worth information.

Brocade and A10's Dispute Regarding Forensic Inspection of Ron Szeto's Computer

A10's inspection protocol proposal is inconsistent with this Court's January 9, 2012 Order Granting Brocade's Motion to Compel Forensic Inspection of Ron Szeto's Computer Hard Drives. Accordingly, the Court orders the following forensic inspection protocol:

1. Brocade shall pay for the services of Mr. Menz, the neutral forensic expert agreed upon by the parties.

2. By February 9, 2012, Defendants A10 and Ron Szeto are ordered to deliver to Mr. Menz for imaging all computers and portable or detachable hard drives used by Ron Szeto since December 21, 2004. Mr. Menz shall maintain all information in confidence and will maintain a copy of the mirror images and all recovered materials until 30 days after the unappealable conclusion of this litigation.

3. Mr. Menz shall recover from the mirror images all available and recoverable documents and files, including, but not limited to those files that were deleted. Mr. Menz shall provide the recovered files to counsel for Defendants A10 and Ron Szeto in a reasonably convenient and searchable form, along with information showing when any files were created, accessed, copied, or deleted and the contents of deleted files that could not be recovered. Mr. Menz will notify Plaintiffs' counsel when the recovered materials are provided to counsel for Defendants A10 and Ron Szeto.

4. Within 10 days of receipt, Defendants' counsel shall review the recovered materials for responsiveness to discovery requests and privilege, serve a privilege log, supplement their

3

Case No.: 10-CV-03428-LHK
ORDER RE: DISCOVERY DISPUTES, FORENSIC INSPECTION PROTOCOL, VACATING CONFERENCE, AND DISCOVERY SPECIAL MASTER

responses to Plaintiffs' discovery requests, and send to Plaintiffs' counsel all non-privileged responsive documents and materials.

**IT IS SO ORDERED.**

Dated: February 7, 2012



LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-03428-LHK
ORDER RE: DISCOVERY DISPUTES, FORENSIC INSPECTION PROTOCOL, VACATING CONFERENCE, AND DISCOVERY SPECIAL MASTER