1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN JOSE DIVISION

11   BROCADE COMMUNICATIONS SYSTEMS, )        Case No.: 10-CV-03428-PSG
     INC., et al.,                           )
12                                           )   **FURTHER CLAIM CONSTRUCTION**
                              Plaintiffs,    )   **ORDER**
13          v.                               )
                                             )   **(Re: Docket No. 620)**
14   A10 NETWORKS, INC., et al.,             )
                                             )
15                            Defendants.    )
                                             )
16   _____ )

17          In this patent infringement suit, Defendant A10 Networks, Inc. ("A10") filed a motion for

18   leave to seek construction of two additional claim terms beyond those previously construed by the

19   court pursuant to Patent L.R. 4-3(c).  At the status conference held after reassignment of this case

20   to the undersigned by Judge Koh with the consent of the parties, the court granted A10's request

21   for leave.[1]  Convinced that it was obligated to provide constructions under the Federal Circuit's

22   decision in *O2 Micro*,[2] the court informed the parties that it would proceed to construe the two

23   terms in dispute. Both A10 and Plaintiffs Brocade Communications Systems, Inc. ("Brocade") and

24   Foundry Networks, LLC ("Foundry") (collectively, "Plaintiffs") have now filed briefs presenting

25   arguments on the two terms.  After considering the arguments presented, the court adopts the

26   following constructions:

27   _____
     [1] *See* July 3, 2012 Hearing Transcript ("Hrg. Tr.") at 33.

28   [2] *O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co.,* 521 F.23d 1351 (Fed. Cir. 2008)

1

Case No.: C 10-03428 PSG
ORDER

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

| TERM | CONSTRUCTION |
|---|---|
| "time for exchanging at least one message/[messages] between the [host server] site switch and a [first] client machine" | Plain and ordinary meaning |
| "virtual switch" | "system of switches identified by an address that provides redundant network paths while preventing network loops" |

Seven years after the Federal Circuit's seminal *Phillips* decision,[3] the cannons of claim construction are now well-known even if not perfectly understood by parties and courts alike. Recognizing the many cases since *Phillips* that have summarized its holding and expounded upon its teachings, and in the interest of rendering a prompt decision to guide the parties as trial rapidly approaches, the court will cite to the claim construction cannons only as necessary to illuminate its reasoning and conclusions. In that same interest, the court will not endeavor to provide a lengthy background of the patents, their underlying technology, and this litigation, and will instead presume the reader's familiarity with the discussion of these topics in Judge Koh's previous claim construction order.[4]

With respect to the "time for exchanging" term, A10 urges a construction that would limit the time to the "interval between the time the host server site switch receives a message from a program on a client device and the time the host server site switch receives an associated acknowledge message sent by the program." As support for this construction, A10 notes that the specification associates the term with round-trip time ("RTT") and further teaches that "[t]o provide an RTT under the present invention described above, ... a site switch... monitors the RTT time – the time difference between receiving a TCP SYN and a TCP ACK for the TCP connection – and records it in an entry of the cache database."[5] A10 is correct that "[w]hen a patent thus describes the features of the 'present invention' as a whole, this description limits the scope of the invention."[6] But, as Brocade responds, the use of the "present invention" in the specification may

---

[3] *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

[4] *See* Docket No. 434.

[5] Docket No. 620, Ex. 1 at 6:24-33.

[6] *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.2d 1295, 1308 (Fed. Cir. 2007).

2

Case No.: C 10-03428 PSG
ORDER

1    also describe particular embodiments that are compatible with the invention, even if not compelled

2    by it.[7]  That appears to be the case here. The language of the term itself confirms that the exchange

3    at issue may be initiated by either the host server or the client, a scenario inconsistent with A10's

4    proposed construction and in conflict with the Federal Circuit's teaching that the analytical focus of

5    any construction must focus on claim language.[8]  In addition, A10's proposed construction is

6    described as part of a flow diagram in a figure – Figure 2 – specifically identified as but one

7    embodiment of the invention.[9] Under these circumstances, the court is compelled to give the claim

8    term its full range of plain and ordinary meaning.

9         With respect to the "virtual switch" term, A10 acknowledges that the term appears in a

10   preamble, but urges that it should nevertheless be recognized as a limitation and construed because

11   the term "breathes life and meaning in to the claims and, hence, is a necessary limitation to

12   them."[10] A10 points out that the language of the claim in which the term appears (Claim 1 of the

13   '195 patent) demands configuration of the switch so that it can act in concert with the system of

14   switches that comprise the "virtual switch."  This notion is emphasized by the use of the definite

15   article "the" before a reference to the system of switches in the body of the claim, referring to its

16   antecedent basis in the preamble.  The court agrees with A10 that the effect is to provide "a

17   fundamental characteristic of the claim invention" that acts as a limitation on claim scope.[11] The

18   court also agrees with A10 that the requirements that the virtual switch be identified by an

19   addressed and be loop-free do not reflect preferred embodiments of the invention but rather the

20   claimed invention itself.  The specification not only teaches these features,[12] but emphasizes that

21   the features are "in accordance with the present invention" and in sections providing a

22

---

[7] *See Rambus, Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1094-95 (Fed. Cir. 2003).

23

[8] *See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 111, 1116 (Fed. Cir.
24   2004); *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.,* 334 F.3d 1294 (Fed. Cir. 2003).

25   [9] *See* Docket No. 620, Ex. 1 at 4:15, 67-5:8.

26   [10] *Loctite Corp. v. Ultraseal Ltd*., 781 F.2d 861, 866 (Fed. Cir. 1985).

27   [11] *Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330, 1340-41 (Fed. Cir. 2010).

28   [12] *See* Docket No. 620, Ex. 3 at 2:40-51; 3:41-49; 2:64-3:17; 9:33-41.

3

Case No.: C 10-03428 PSG
ORDER

United States District Court
For the Northern District of California

1    "Background" and "Brief Summary of the Invention" that are specifically distinguished from a

2    later section providing a "Detailed Description of the Preferred Embodiments." This teaches more

3    than a compatible feature, as discussed above regarding the "time for exchanging" term. In the

4    context of the specification of the whole, and in particular the claim language itself, it teaches a

5    feature of the invention that is required.[13]

6    **IT IS SO ORDERED.**

7    Dated:    7/5/2012                                         _Paul S. Grewal_

8                                                              PAUL S. GREWAL
                                                              United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26    [13] *Cf. Netcraft Corp v. eBay, Inc.,* 549 F.3d 1394, 1398 (Fed. Cir. 2008) ("we agree with the district
      court that the . . . specification's repeated use of the phrase 'the present invention' describes the
27    invention as a whole"); *Honeywell Int'l, Inc. v. ITT Indus., Inc.,* 452 F.3d 1312, 1318 (Fed. Cir.
      2006 (agreeing with the district court's construction that the disputed term should be consistent
28    with "the present invention").

                                                      4

Case No.: C 10-03428 PSG
ORDER

*United States District Court*
For the Northern District of California