UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, and FOUNDRY NETWORKS, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>A10 NETWORKS, INC., a California corporation, LEE CHEN, an individual, RAJKUMAR JALAN, an individual, RON SZETO, an individual, LIANG HAN, an individual, STEVEN HWANG, an individual, and DAVID CHEUNG, an individual,<br><br>　　　　　　　　Defendants. | Case No.: C 10-3428 PSG<br><br>**ORDER GRANTING BROCADE'S MOTION FOR RECONSIDERATION AND DENYING A10'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 578)** |

　　　　Before reassignment of this case to the undersigned, Judge Koh granted summary judgment to Defendant A10, Inc. ("A10") on Plaintiff Brocade's ("Brocade") copyright claim pertaining to automation test code.[1] Brocade now moves for reconsideration of that order.[2] Although Judge Koh heard argument on Brocade's motion, the parties still disputed whether she had indeed granted Brocade leave to bring its motion. To resolve any ambiguity in the record, the undersigned granted such leave, and gave A10 the opportunity to file a written response.[3] A10 has now responded,[4]

---

[1] *See* Docket No. 571 (Order Granting-In-Part and Denying-In-Part A10's Mot. for Summ. J.) at 32.

[2] *See* Docket No. 578 (Brocade's Mot. for Leave to File Mot. for Recons.).

[3] *See generally* Docket No. 635 (July 3, 2012 Pretrial Conf. Tr.).

[4] *See* Docket No. 631 (A10's Opp. to Brocade's Mot. for Leave to File Mot. for Recons.).

1
Case No.: C 10-3428 PSG
**ORDER GRANTING BROCADE'S MOTION FOR RECONSIDERATION AND DENYING A10'S MOTION FOR SUMMARY JUDGMENT**

allowing the court to turn to the merits of Brocade's request. Having considered the parties' arguments, and independently studied the record, the court GRANTS Brocade's motion and DENIES A10's summary judgment motion as to Brocade's automation test code copyright claim.

### I.     DISCUSSION

The thrust of Brocade's request is straightforward:  Brocade argues that it is entitled to relief under Civ. L.R. 7-9(b) both for procedural and substantive reasons.

According to Brocade, while the court's summary judgment order considered and rejected its work-for-hire theory of ownership of the disputed code, it did not address Brocade's alternative assignment theory. Brocade allows that it did not extensively address the assignment theory in its summary judgment opposition, and even apologizes for its failure to provide precise citations to the record on the subject, but emphasizes the challenge it faced in providing a thorough response to A10's "prove-it-up" motion on the multitude of issues and claims in just twenty-five pages.

On the merits, Brocade argues that the employment contract signed by the code's author, Zhenwu He, clearly assigns all right, title, and interest in the code to Brocade, which employed Mr. Zhenwu in 2007-08 even as he "moonlighted" by writing code for A10. Brocade further highlights that this assignment clause operates independently of the "work-for-hire" clause in that same section of the contract, leaving ownership of the code with Brocade even under the court's work-for-hire analysis.

A10 responds first by emphasizing the court's work-for-hire ruling as the law of the case. A10 then argues that this ruling resolves all questions of A10's rights in the disputed code. Even if this were not so, A10 argues, the assignment provision upon which Brocade relies limits assignment of "Proprietary Information" such as source code to source code "of the Company." A10 urges that this leads right back to the work-for-hire ruling, which makes clear that the source code is not "of the Company," but of Mr. Zhenwu. A10 also notes Brocade's failure to present any copyright registration for the code, and the practical effects of introducing new issues and evidence into an already overstuffed trial.

2

Case No.: C 10-3428 PSG
**ORDER GRANTING BROCADE'S MOTION FOR RECONSIDERATION AND DENYING A10'S MOTION FOR SUMMARY JUDGMENT**

The court reads the contract, or at least the provisions in dispute, as establishing a garden-variety arrangement between employer and software developer.[5] Certain rights of authorship are provided in one section. Certain rights of ownership are provided in another. Paragraph 3(a) provides the former: to the extent certain conditions are met, Brocade is deemed the author under the work-for-hire doctrine. Paragraph 3(c) provides the latter: for all other code created during Mr. Zhenwu's employment, Mr. Zhenwu may be the author, but ownership is assigned to Brocade.

In addition to conflating authorship with ownership, the fundamental flaw with A10's argument is that the assignment clause transfers ownership of "Inventions," not "Proprietary Information," rendering its claim that source code included within "Proprietary Information" must be "of the Company" irrelevant. Under Paragraph 1, "Inventions" includes source code regardless of whether that code is "of the Company," such that it further qualifies as "Proprietary Information."

## II.   CONCLUSION

Under these circumstances, the court agrees with Brocade that a Rule 56 dismissal of its copyright claim pertaining to automation test code would reflect a manifest failure under Civ. L.R. 7-9(b). To avoid this result, summary judgment on this claim must instead be DENIED.

By this ruling the court does not suggest that Brocade necessarily may proceed with its claim at the upcoming trial. Brocade's failure to register any copyright in the disputed code, as well as the implications for the scope of evidence and testimony at trial, suggests that the better course may be to dismiss the claim without prejudice. The court invites arguments at Monday's pretrial conference on how best to proceed in light of this order.

**IT IS SO ORDERED.**

Dated: July 8, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[5] See Docket No. 541 (Decl. of Elizabeth McBride in Supp. of Brocade's Opp. to A10's Mot. for Summ. J.) at Ex. 75.

3
Case No.: C 10-3428 PSG
**ORDER GRANTING BROCADE'S MOTION FOR RECONSIDERATION AND DENYING A10'S MOTION FOR SUMMARY JUDGMENT**