UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., et al,<br><br>   Plaintiffs,<br>   v.<br><br>A10 NETWORKS, INC., et al,<br><br>   Defendants. | Case No.: 10-CV-03428-PSG<br><br>**ORDER GRANTING BROCADE COMMUNICATIONS SYSTEMS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(**Re: Docket No. 452**) |

Brocade Communications Systems, Inc., ("Brocade") moves to seal portions of its Identification of Patent Claims, Trade Secrets, and Copyright Claims for July 16, 2012 Trial Pursuant to Court Order Dated November 30, 2011 ("Identification of Claims"), and Exhibit 1 to the Identification of Claims ("Exhibit 1").  Brocade has filed a declaration consistent with Civ. L.R. 79.5 to support its request.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing

---

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

1
Case No: 10-CV-03428-PSG
ORDER GRANTING BROCADE COMMUNICATIONS SYSTEMS' ADMINISTRATIVE
MOTION TO FILE DOCUMENTS UNDER SEAL

request, "a strong presumption in favor of access is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[4]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).[5]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

---

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11] The rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

The court has considered the documents Brocade designated for sealing and determined that Brocade has met even the higher "compelling reasons" standard applicable to dispositive motions. The proposed redactions to the Identification of Claims include only Brocade's claimed trade secrets and Exhibit 1 consists of Brocade's and A10's source code. Both types of information are highly proprietary and confidential, and therefore sealable under Civil Local Rule 79-5. Brocade's motion to seal the documents is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 18, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[11] *Id.*

[12] *Id.*

3
Case No: 10-CV-03428-PSG
ORDER GRANTING BROCADE COMMUNICATIONS SYSTEMS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL