UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL., <br><br> Plaintiffs, <br> v. <br><br> A10 NETWORKS, INC., ET AL., <br><br> Defendants. | Case No.: C 10-3428 PSG <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART BROCADE'S AND A10'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL** <br><br> **(Re: Docket Nos. 775, 794, 801, 807, 812)** |

Before the court are several motions by Brocade Communications Systems, Inc., et al, ("Brocade") and A10 Networks, Inc., et al ("A10") to seal various nondispositive and dispositive motions and supporting exhibits. Because of the large number of documents designated for sealing, the court first reiterates the legal standards for sealing and then summarizes, in table format, the motions, the parties' requests, and the result of each request.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing

---

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

1

Case No.: C 10-03428 PSG
ORDER

request, "a strong presumption in favor of access is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions are not subject to the strong presumption of access.[4] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[5]

Both dispositive motions and nondispositive motions require a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause or compelling reasons exist to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

---

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11] As this court has previously pointedly noted, the rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

## II. DISCUSSION

The motions to seal at issue here involve various post-trial motions by the parties. All of the motions, which include Brocade's permanent injunction request,[13] A10's request for judgment as a matter of law,[14] and Brocade's request for entry of judgment pursuant to Fed. R. Civ. P. 54(b),[15] involve dispositive decisions by this court. For those sealing requests, the parties must show compelling reasons for information to remain under seal. The court has considered each of the documents the parties have designated for sealing and, as articulated in the table below, determined which documents may remain under seal or redacted, which documents must be unsealed, and which sealing requests are overbroad and must be more narrowly tailored.

| DN | Request | Result |
|---|---|---|
| 775 | A10's and Chen's Motion for Judgment as a Matter of Law under Rule 50(b) or, in the Alternative, for a New Trial ("JMOL Motion") | A10's request to redact portions of the JMOL Motion is DENIED WITHOUT PREJUDICE. The proposed redactions include both Brocade's trade secret information and experts' damages estimates based on A10's revenues and expenses. Although the trade secret information properly may be sealed because of its proprietary nature, A10 has not provided compelling reasons why its financial information should not be disclosed. In light of the |

---

[11] *Id.*

[12] *Id.*

[13] *See* Docket No. 783.

[14] *See* Docket No. 775.

[15] *See* Docket No. 785.

3
Case No.: C 10-03428 PSG
ORDER

| | | |
|---|---|---|
| | | highly publicized damages awards in this case, the public has a right to inspect how the jury reached its determinations and how the court determined that the damages awards were either supported by substantial evidence or not.<br><br>A10 may move again to redact only the trade secret information in its motion. |
| | Exhibits A, N, Q, S, T, U, W, X, Y to the Declaration of Scott Mosko ISO the JMOL Motion | The request to redact Exhibit A is DENIED WITHOUT PREJUDICE. The proposed redactions include information about the Aho-Corasick algorithm, which is within the public domain, and Brocade's copyrighted implementation code of the algorithm. Neither party has provided compelling reasons why this information, which is not confidential in any event, should be sealed. Because the proposed redactions also include discussions of trade secrets, which properly may be sealed, A10 may move again with narrowly tailored redactions addressing the trade secret testimony.<br><br>The request to seal Exhibits S and T are also DENIED WITHOUT PREJUDICE. Exhibit S consists of a settlement agreement between A10 and a third party. Exhibit T consists of a licensing agreement resulting from the settlement. Although licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be redacted, A10 has not provided compelling reasons for the entire agreement to be sealed. A10 may bring another motion with narrowly tailored redactions limited to the financial terms in the agreement.<br><br>A10 requests the following exhibits be sealed in their entirety. The court DENIES those requests for the reasons stated below.<br>• Exhibit N consists of a chart by James Malackowski, Brocade's damages expert, containing A10's financial information and his estimates for Brocade's damages. As the court noted above, damages information is important for the public to review in light of the substantial awards in this case. A10 has not provided compelling reasons for why this information should be sealed.<br>• Exhibit Q is an exhibit where Brocade discloses its primary and secondary competitors. Neither party has provided a declaration explaining why this information would be detrimental if disclosed. Because neither party has provided compelling reasons to seal this exhibit, sealing the contents is inappropriate. |

4

Case No.: C 10-03428 PSG
ORDER

| | | | |
|---|---|---|---|
| | | | • Exhibit X consists of an email from David Cheng regarding personnel in the company. Neither party has provided a supporting declaration showing compelling reasons to seal the information in this email.<br>• Exhibit Y consists of emails among Brocade engineers regarding A10's product. Neither party has provided a supporting declaration showing compelling reasons to seal the information in the email chain.<br><br>A10's request to seal Exhibits U and W are GRANTED because they consist of proprietary information. |
| | 794 | Brocade's Opposition to A10's Motion for Judgment as a Matter of Law Under Rule 50(b) or, in the Alternative, For a New Trial | The request to seal the entire opposition is DENIED WITHOUT PREJUDICE. Although Brocade correctly identifies source code and trade secret references that, as proprietary information, properly may be sealed, the opposition also includes discussions of the patent claims, copyright claims, and contract claims that are not confidential. Brocade may move again with narrowly tailored redactions limited to the proprietary information in the opposition. |
| | 801 | A10's Opposition to Brocade's Motion for Entry of Permanent Injunction ("Opposition to Permanent Injunction") | Because the proposed redactions are limited to Brocade's trade secret information, A10's request to seal portions of the declaration is GRANTED. |
| | | Exhibit A to the Declaration of Scott Mosko ISO A10's Opposition to Permanent Injunction | Because the proposed redactions are limited to Brocade's trade secret information, A10's request to seal portions of the declaration is GRANTED. |
| | | Declaration of David Klausner ISO A10's Opposition to Permanent Injunction | Because the proposed redactions are limited to Brocade's trade secret information, A10's request to seal portions of the declaration is GRANTED. |
| | | Exhibits B, D, and E | The request to seal Exhibit B in its entirety is DENIED. Exhibit B consists of a report by James Malackowski explaining his damages estimates regarding A10's trade secret misappropriation. The report does not provide details about the trade secrets and primarily discusses how much of a head start they gave A10. Neither Brocade nor A10 provides compelling reasons for why this information should be sealed.<br><br>The request to seal Exhibit D is GRANTED because it consists entirely of descriptions of Brocade's trade secrets.<br><br>The request to seal Exhibit E is DENIED. Exhibit E consists of presentation slides regarding Brocade's rivals and certain revenue and expense data. Neither party has provided compelling reasons for this information to remain under seal, |

**United States District Court**
For the Northern District of California

5

Case No.: C 10-03428 PSG
ORDER

| | | |
|---|---|---|
| | | and the court is not persuaded that disclosure of the information would be harmful. |
| | Exhibit D to the Declaration of Scott Mosko ISO A10's Response to Plaintiff's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) | The request to seal Exhibit D is DENIED.  The exhibit consists of a chart of estimates of patent infringement damages by James Malackowski that is based on A10's product revenues.  As the court noted above, damages information is important for the public to review in light of the substantial awards in this case.  A10 has not provided compelling reasons for why this information should be sealed. |
| 807 | Exhibit DD to the Supplemental Declaration of Scott Mosko ISO A10's Reply ISO the Motion for Judgment as a Matter of Law | The request to redact portions of Exhibit DD is DENIED WITHOUT PREJUDICE.  Although some of the redactions include proprietary information such as source code or trade secret descriptions, many of the proposed redactions include details about damages methodology and references to the Aho-Corasick algorithm and Brocade's copyrighted implementation code.  Neither party has provided compelling reasons for this information to be sealed, and the court is not persuaded that this information would be harmful if disclosed. |
| | Exhibit GG to the Supplemental Declaration of Scott Mosko ISO A10's Reply ISO the Motion for Judgment as a Matter of Law | The request to seal Exhibit GG in its entirety is DENIED.  The exhibit consists of a summary of A10's revenues, sales and costs associated with its AX Series devices and an estimate of Brocade's patent infringement damages based on those figures.  As the court noted above, damages information is important for the public to review in light of the substantial awards in this case.  A10 has not provided compelling reasons for why this information should be sealed. |
| | Exhibit II to the Supplemental Declaration of Scott Mosko ISO A10's Reply ISO the Motion for Judgment as a Matter of Law | The request to seal Exhibit II is DENIED.  Exhibit II consists of presentation slides regarding Brocade's rivals and certain revenue and expense data.  Neither party has provided compelling reasons for this information to remain under seal, and the court is not persuaded that disclosure of the information would be harmful. |
| 812 | Exhibit A to the Declaration of Bas de Blank ISO Brocade's Reply ISO the Motion for Entry of Permanent Injunction | The request to seal Exhibit A is DENIED.  Exhibit A consists of a report provided to A10's audit committee describing A10's financial status and the methodologies used to reach those conclusions.  Neither party has provided compelling reasons why this information should remain under seal, and the court is not persuaded that any harm would result if the information were disclosed. |
| | Portions of Brocade's Reply ISO the Motion for Entry of | Brocade seeks to redact portions of its reply brief that reference Exhibit A.  Because the court finds |

6

Case No.: C 10-03428 PSG
ORDER

| | | |
|---|---|---|
| | Permanent Injunction | that Exhibit A should not remain under seal, the request to redact references to it in the reply brief is DENIED. |
| | Declaration of Izhak Rubin ISO Brocade's Reply ISO the Motion for Entry of Permanent Injunction and Exhibit A to the declaration | The request to seal the declaration and Exhibit A is GRANTED. Both the declaration and the exhibit consist of detailed descriptions of Brocade's various trade secrets, which are proprietary and therefore properly may remain under seal. |
| | Exhibits A, B, and C to the Declaration of Christina Von der Ahe ISO Brocade's Reply ISO the Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) | The requests to seal Exhibits A and C are DENIED WITHOUT PREJUDICE. The exhibits consist of Brocade's supplemental responses to A10's interrogatories. Within those responses are references to Brocade's trade secrets and source code, which properly may be sealed. But the exhibits also includes boilerplate objections, descriptions of steps Brocade takes to ensure confidentiality of its trade secrets, a table of the software versions in which the trade secrets are practiced, a table of Brocade's customers, and a table of copyright registrations. Brocade has not provided good cause or compelling reasons why this information should remain under seal and the court is not persuaded that harm would result if the contents were disclosed. Brocade may move again for narrowly tailored redactions limited to its trade secrets.<br><br>The request to seal Exhibit B is GRANTED because it consists of discovery responses disclosing proprietary source code and trade secret descriptions. |

Any documents that purport to comply with the court's determinations above shall be filed within fourteen days.

**IT IS SO ORDERED.**

Dated:  January 17, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

7

Case No.: C 10-03428 PSG
ORDER