UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> A10 NETWORKS, INC., ET AL., <br><br> Defendants. | Case No.: C 10-3428 PSG <br><br> **ORDER DENYING WITHOUT PREJUDICE BROCADE'S MOTION FOR PRODUCTION OF A10'S SALES RECORDS AND AN ACCOUNTING AND DENYING WITHOUT PREJUDICE BROCADE'S MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 54(b)** <br><br> **(Re: Docket Nos. 782, 785)** |

A jury found Defendant A10 Networks, Inc. ("A10") infringed four claims from three patents owned by Plaintiffs Brocade Communications Systems, Inc. and Foundry Networks LLC (collectively "Brocade"). Brocade seeks an accounting of A10's sales of the infringing AX series devices from January 1, 2012 to the entry of a permanent injunction. Brocade seeks an award of supplemental damages for that period.[1] Brocade also seeks entry of judgment pursuant to Fed. R. Civ. P. 54(b) for the claims adjudicated at trial.[2] Having considered the parties papers and oral arguments, the court DENIES WITHOUT PREJUDICE Brocade's motion for supplemental

---

[1] *See* Docket No. 782.

[2] *See* Docket No. 785.

Case No.: C 10-03428 PSG
ORDER

1

damages and an accounting and DENIES WITHOUT PREJUDICE Brocade's motion for entry of judgment.

**I.     BACKGROUND**

The history of this case and the details regarding Brocade's various claims have been recounted in other orders,[3] and so the court relates here only the procedural history necessary to explain its decision. Brocade brought numerous claims of trade secret misappropriation, patent infringement, copyright infringement, and various contractual claims against A10 and several individual defendants.[4] Many of the claims were either dismissed or were bifurcated and held for a later trial.[5] Of the remaining claims, Brocade pursued a copyright infringement claim, four patent infringement claims, four trade secret misappropriation claims, an intentional interference with contractual relations claim, and a breach of contract claim in a trial commencing July 3, 2012.

After the three-week trial, a jury found A10 liable for patent infringement, copyright infringement, trade secret misappropriation, and intentional interference with contractual relations. The jury awarded Brocade $60 million in damages for the copyright infringement, $1.00 in damages for the trade secret misappropriation, and $1.00 in actual damages and $1 million in punitive damages for the intentional interference with contractual relations.[6] The jury made the following findings regarding the patent infringement damages:

> If you have found any of the foregoing claims infringed, what damages do you find Brocade has proven it is more probable than not it has suffered as a result of that infringement?
>
> 1.     Lost Profits: $ 49, 397,904
>
> 2.     Reasonable Royalty
>
>    a.     rate: 4%
>
>    b.     total royalty damages: $ 1,975,916

---

[3] *See* Docket Nos. 434, 438.

[4] *See* Docket No. 85.

[5] *See* Docket No. 86 at 15:6-13; Docket No. 618 at 82:16-21.

[6] *See* Docket No. 771.

2

Case No.: C 10-03428 PSG
ORDER

     3.     Total Damages: $ 1,975,916

Following the verdict, Brocade moved for entry of a permanent injunction to prohibit A10 from further patent infringement and trade secret misappropriation.[7] A10 moved for judgment as a matter of law ("JMOL") on all of the findings of liability and the damages award.[8] On January 10, 2013, the court enjoined A10 from continuing its patent infringement.[9] The court also denied A10's request for JMOL on the liability claims but granted A10 a new trial for the patent damages award and the punitive damages award for the intentional interference with contractual relations.[10] Earlier today, the court enjoined A10 from continuing to practice the misappropriated trade secrets.[11]

## II.  DISCUSSION

### A.  Motion for Accounting and for Supplemental Damages

Brocade seeks an accounting from A10 of its sales of the infringing AX series application delivery controller ("AX series") from January 1, 2012 to entry of the permanent injunction, presumably January 10, 2013.[12] Brocade also seeks an award of supplemental damages based on the jury's patent damages award.[13] A10 opposes the accounting request only in so far as A10 believes the court must resolve several issues before an order requiring an accounting should be entered.[14] A10 opposes the motion for supplemental damages but does not oppose briefing the matter.[15]

---

[7] *See* Docket No. 783.

[8] *See* Docket No. 775.

[9] *See* Docket No. 830.

[10] *See* Docket No. 831.

[11] *See* Docket No. ____.

[12] *See* Docket No. 782.

[13] *See id.*

[14] *See* Docket No. 804.

[15] *See id.*

Case No.: C 10-03428 PSG
ORDER

Although a patentee may be entitled to supplemental damages from infringement occurring post-verdict but pre-judgment,[16] the court finds Brocade's motion premature in light of the court's determination that the jury's patent infringement damages award was not supported by substantial evidence.[17] Based on the court's review of the case law, a supplemental damages award should be tied to a jury's determination of damages for the original infringement.[18] The court, however, has found that the jury's findings regarding patent infringement damages are irreconcilable with each other and at least in part are not supported by substantial evidence.[19] The findings therefore do not provide a sound foundation from which the court can make a post-verdict supplemental damages determination. Once the new trial has been conducted and a jury has made a damages determination grounded in substantial evidence, Brocade may move again for an accounting of A10's post-verdict, pre-injunction infringement and for supplemental damages.

**B.    Motion for Entry of Judgment Pursuant Fed. R. Civ. P. 54(b)**

Brocade also moves for entry of judgment on the claims adjudicated at trial and in the amount of $112,373,822 pursuant to Brocade's interpretation of the jury's damages awards.[20] A10 opposes the motion on multiple grounds. A10 asserts that the outstanding, bifurcated claims overlap with the claims adjudicated at trial and therefore entry of judgment would not avoid duplicative appeals, and A10's JMOL motion must be resolved before entry of judgment is appropriate.

---

[16] *See Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 960-61 (N.D. Cal. 2009).

[17] *See* Docket No. 831.

[18] *Cf. Hynix Semiconductor Inc.*, 609 F. Supp. 2d at 964-65 (noting that case law regarding supplemental damages "recommends applying the royalty rates determined by the jury" and suggesting that if the post-verdict royalty rate should be changed it nevertheless should be anchored to the jury's determination); *see also August Tech. Corp. v. Camtek, Ltd.*, Case No. 05-1396 MJD/AJB, 2010 WL 5560088, at *3 (D. Minn. Nov. 17, 2010) (noting that cases considering supplemental damages "suggest that a determination that is consistent with the verdict is presumptively reasonable under 35 U.S.C. § 285").

[19] *See* Docket No. 845.

[20] *See* Docket No. 785.

4

Case No.: C 10-03428 PSG
ORDER

Pursuant to Fed. R. Civ. P. 54(b), the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In making that determination, the court "must first determine that it is dealing with a 'final judgment.'"[21] The court then "must go on to determine whether there is any just reason for delay" but should be mindful to prevent "piecemeal appeals in cases which should be reviewed only as single units."[22]

Because Brocade moved for entry of judgment before the court issued its order on A10's JMOL motion, its request exclusively deals with whether certification is appropriate given the bifurcated claims and presumes the jury's findings would be affirmed. But the court's January 10 JMOL order did not affirm all of the jury's findings; the court vacated the damages awarded for patent infringement and punitive damages awarded for the intentional interference with contract liability and ordered a new trial.[23] In light of the court's order, those two damages awards cannot be certified, and the court also finds that certifying the underlying patent liability and intentional interference with contract liability findings is improper. The liability for the patent infringement and intentional interference for contractual relations are intertwined with the damages for those liabilities and would lead to piecemeal appeals of issues that should be appealed together.[24]

As to the remaining claims for copyright liability, trade secret liability, and their accompanying damages, Brocade's request does not address the propriety of certifying these claims while the court retains the patent and intentional interference with contractual relations claims. Because Brocade moved for certification so early and therefore did not address

---

[21] *Stanley v. Cullen*, 633 F.3d 852, 864 (9th Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

[22] *Curtiss-Wright*, 446 U.S. at 7; *see also Stanley*, 633 F.3d at 865.

[23] *See* Docket No. 845.

[24] *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (advising district courts to determine "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would hae to decide the same issues more than once even if there were subsequent appeals"); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (same).

5
Case No.: C 10-03428 PSG
ORDER

certification in light of the court's January 10 JMOL order, the court finds it premature to decide whether certification of the copyright and trade secret claims is appropriate. In contrast to Brocade's request, the court must consider not only whether certification would be appropriate given the bifurcated claims but also whether certification is proper given the claims the court finds should not be certified at this stage.

As such, the court DENIES WITHOUT PREJUDICE Brocade's motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b). If the parties believe that entry of judgment on the claims affirmed in the court's January 10 JMOL order is appropriate, they may move again with arguments reflecting their reasoning.

**IT IS SO ORDERED.**

Dated: January 23, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge