UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> A10 NETWORKS, INC., ET AL., <br><br> Defendants. | Case No.: C 10-3428 PSG <br><br> **ORDER RE: RETRIAL PROCEDURES** <br><br> **(Re: Docket Nos. 906, 907, 908)** |

In its January 10, 2013 order regarding the motion for judgment as a matter of law brought by Defendants A10 Networks, Inc., et al (collectively "A10"), the court determined that a new trial was required for the damages awarded to Plaintiffs Brocade Communications Systems, Inc., et al (collectively "Brocade") for patent infringement and intentional interference with contractual relations.[1]  The parties have met and conferred and have presented to the court certain disputes that need to be resolved regarding the retrial of the damages claims.  The court has considered the parties' letter briefs and makes the following determinations regarding the retrial.

---

[1] *See* Docket Nos. 831, 845, 896.

Case No.: C 10-03428 PSG
ORDER

1

The parties disagree about whether the court should allocate six hours of trial time among opening arguments, closing arguments, and presentation of evidence. Brocade seeks to limit opening arguments to thirty minutes and closing arguments to one hour.[2] A10 objects to any limits.[3] The court finds A10's proposal more appropriate. The court will not limit how the parties allocate their six hours of trial time.

The parties next disagree on when demonstratives must be disclosed. Brocade seeks a 72-hour window,[4] and A10 wants only twelve hours.[5] The court finds that 48 hours is sufficient time for the parties to exchange demonstratives and not suffer prejudice.

The date of the retrial has not yet been set in part because of conflicts in the parties' and the court's schedule. After dates in March and April became unavailable, the court offered to the parties two dates in May: May 6-8 and May 20-22. Brocade indicated it was available for both dates, but A10 informed the court that its new lead counsel may not be available for either date and suggested a retrial in July. A10 also noted that if the court set a date in May, the May 20-22 date was preferable.

Retrial in July is too late. The court's injunctions currently are on appeal to the Federal Circuit[6] but that court is unable to hear a consolidated case until this retrial is completed. The court therefore sets the date for the retrial on May 20 for a maximum of three days as the parties stipulated.[7] A10 indicated that it would like to reserve the right to ask for a continuance if its lead counsel is not available. A10 has that right under Civil L.R. 6-3, but A10 is not entitled to a guarantee that the court will grant a request to continue the retrial.

---

[2] *See* Docket No. 907.

[3] *See* Docket No. 908.

[4] *See* Docket No. 907.

[5] *See* Docket No. 908.

[6] *See* Docket Nos. 877, 883.

[7] *See* Docket No. 906.

2

Case No.: C 10-03428 PSG
ORDER

Finally, the parties indicated in their letter briefs that they disagree about whether the retrial should include the punitive damages issue or just patent infringement damages. The court will make a determination regarding the scope of the trial after the parties have fully briefed the issue and noticed an appropriate motion for hearing.

**IT IS SO ORDERED.**

Dated:   March 6, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge