**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BROCADE COMMUNICATIONS SYSTEMS, INC., et al,

Plaintiffs,

v.

A10 NETWORKS, INC., et al,

Defendants.

Case No.: 10-CV-03428-PSG

**ORDER DENYING MOTIONS TO SEAL**

(**Re: Docket Nos. 510, 512, 521, 536, 541, 546, 549, 563, 567, 575, 584, 586, 595, 596**)

Before the court are numerous requests to seal documents from an earlier stage of this case. For the reasons articulated below, the court DENIES all of the requests WITHOUT PREJUDICE to the parties moving again to seal narrowly tailored redactions consistent with the standards for sealing motions.

The court begins with an explanation of those standards. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a strong

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

presumption in favor of access is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions are not subject to the same strong presumption of access.[4] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).[5] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is

---

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

United States District Court
For the Northern District of California

privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11] The rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

The fourteen motions at issue here represent requests to seal in whole or in part hundreds of documents amounting to thousands of pages. Eight of the motions seek to seal entirely hundreds of exhibits attached to the parties' various papers regarding their motions for summary judgment,[13] all of which are subject to the "compelling reasons" standard for dispositive motions.[14] The remaining six motions are requests to seal numerous exhibits to the parties' various *Daubert* motions and motions in limine before trial last summer,[15] which fall under the lower "good cause" standard.[16]

Even a cursory examination of the requests reveals that neither party has satisfied either the requirement to show "particularized harm" or the requirement to "narrowly tailor" the request. The declarations in support of the motions provide only boilerplate references to "highly sensitive, proprietary, and confidential information."[17] If the declarations include references to harm at all, they state only that "competitive and personal harm" might occur if the documents were disclosed.[18] Under either the "good cause" or the "compelling reasons" standard, these statements fail to explain adequately to the court or to the public why the parties should be allowed to prevent public access to records offered in support of a judicial proceeding.

---

[11] *Id.*

[12] *Id.*

[13] *See* Docket Nos. 510, 512, 521, 536, 541, 546, 549, 563.

[14] *See Kamakana*, 447 F.3d at 1178.

[15] *See* Docket Nos. 567, 575, 584, 586, 595, 596.

[16] *See Kamakana*, 447 F.3d at 1178.

[17] *See, e.g.*, Docket Nos. 521, 549, 584, 595, 596; *see also* Docket No. 541 (referring to the documents as "highly sensitive financial, confidential, or proprietary information").

[18] *See, e.g.*, Docket Nos. 541, 546.

Even if the parties had made sufficiently particularized showings of the harm, their requests are overbroad. The parties have not explained why experts' credentials or methodologies[19] or project development from 2005[20] or explanations of employees' duties[21] – just to take a few examples – should remain under seal. It is true that peppered throughout the documents is information that may be sealed, such as source code,[22] trade secret descriptions,[23] and employee compensation information.[24] But the court cannot reasonably be expected to ferret out the few references for which sealing is appropriate amidst the myriad papers presented to it under the label "harmful-if-disclosed." Such an exercise is a waste of scarce judicial resources that other parties in other cases rely on, and preventing that waste is the purpose of the "narrowly tailored" requirement in the Civil Local Rules.

Given the overbreadth of the requests and the lack of sufficiently particularized showings of harm, the court DENIES all of the parties' motions to seal. Because some of the documents contain information that could be the subject of a narrowly-tailored request, such as trade secret references and source code, the denial is without prejudice to renewed motions that comply with the legal standards for sealing motions and Civil L.R. 79-5.[25] The parties may have one more chance to make their requests, but another round of overbroad requests will result in denials with

---

[19] *See, e.g.* Docket No. 586; Docket No. 595 Ex. A; Docket No. 596 Exs. 1, 2.

[20] *See* Docket No. 541 Ex. 109.

[21] *See, e.g.*, Docket No. 510 Ex. 8; 541 Ex. 53.

[22] *See* Civil L.R. 79-5; *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (noting source code is a trade secret).

[23] *See* Civil L.R. 79-5.

[24] *See Apple, Inc. v. Samsung Elecs. Co.*, Case No. 11-CV-1846-LHK, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012)

[25] The court refers the parties to an earlier sealing order in this case for further guidance regarding what kind of documents properly may be sealed. *See* Docket No. 838.

prejudice. Within fourteen days of this order, the parties shall file any renewed motions to seal and shall file publicly any documents for which they do not renew their motions.

**IT IS SO ORDERED.**

Dated: March 26, 2013

PAUL S. GREWAL
United States Magistrate Judge

**United States District Court**
For the Northern District of California