**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>A10 NETWORKS, INC., ET AL.,<br><br>　　　　　　　Defendants. | Case No.: C 10-3428 PSG<br><br>**ORDER RE: SCOPE OF NEW TRIAL**<br><br>**(Re: Docket Nos. 914, 920)** |

At issue in this order are the parties' cross-motions regarding the scope of a retrial set to begin on May 20, 2013. Following a jury's determination that A10 Networks, Inc. ("A10") was liable for several claims brought by Brocade Communications Systems, Inc., et al ("Brocade") and Foundry Networks, LLC ("Foundry"), A10 moved for judgment as a matter of law ("JMOL") on those claims. That motion was denied.[1] But the court did grant A10's alternative request for a new trial on the patent damages award and on the punitive damages awarded for intentional interference with contractual relations ("IICR").[2]

---

[1] *See* Docket No. 845.

[2] *See id.*

Case No.: C 10-03428 PSG
ORDER

1

A10 now moves the court to enter judgment on the IICR damages amount or in the alternative to bifurcate the IICR issue from the patent damages determination.[3] Brocade opposes the bifurcation and the entry of judgment on the IICR damages and alternatively moves for a new trial on the IICR compensatory damages to be conducted simultaneously with the retrial on the punitive damages and the patent damages.[4]

Because of the rapidly approaching trial date, the court provides here only its decision and will provide at a later date an order more completely reflecting its reasoning. The court DENIES Brocade's motion for a new trial on the compensatory IICR damages because Brocade has not shown that it is entitled to a new trial on that issue. Because the compensatory damages need not be reconsidered, the court finds entry of judgment for the punitive damages is appropriate and GRANTS A10's motion.[5] In its order, the court will determine the constitutional maximum in punitive damages to which Brocade is entitled and will enter judgment in that amount. The trial to commence on May 20, 2013 therefore will be limited to the retrial of patent damages in line with the court's January 10, 2013 order.[6]

The parties have agreed to exchange identification of prior testimony and evidence to be presented at the retrial by May 6, 2013 and to exchange objections by May 13, 2013.[7] The parties currently are supposed to appear for a hearing on May 7, 2013. Having considered its calendar, the court modifies the parties' schedule as follows. By May 6, 2013, the parties shall exchange with each other and file with the court their identifications of prior testimony and evidence to be presented at the retrial. They shall exchange and file their objections no later than 5:00 p.m. on

---

[3] *See* Docket No. 914.

[4] *See id.*

[5] *See Leatherman Tool Group, Inc. v. Cooper Indus., Inc.*, 285 F.3d 1146, 1151 (9th Cir. 2002).

[6] *See* Docket No. 845.

[7] *See* Docket No. 906.

2
Case No.: C 10-03428 PSG
ORDER

Friday, May 10, 2013, and they shall appear for a pretrial conference at 3:00 p.m. on Tuesday, May 14, 2013. The parties also shall file a joint pretrial statement no later than 5:00 p.m. on Friday, May 10, 2013 in line with the undersigned's standing order. At the pretrial conference, the court will resolve any evidentiary disputes and any outstanding issues between the parties.

**IT IS SO ORDERED.**

Dated: April 29, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge