United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., ET AL., <br><br> Plaintiffs, <br> v. <br><br> A10 NETWORKS, INC., ET AL., <br><br> Defendants. | Case No.: C 10-3428 PSG <br><br> **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM (ANNOTATED)** |

**IT IS SO ORDERED.**

Dated:   May 17, 2013

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

# I.       PRELIMINARY JURY INSTRUCTIONS

*Duty of Jury*

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial I will give you final instructions.  You should apply both these preliminary instructions and the final instructions during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Jury Instructions § 1.1B

Case No.: C 10-03428 PSG
ORDER

*Case Statement*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Brocade Communications Systems, Inc. is the plaintiff, and the defendant is A10 Networks, Inc.  In this trial you will also hear evidence about a company called Foundry Networks LLC.  Brocade acquired Foundry in late 2008, and Foundry is a wholly-owned subsidiary of Brocade.  For legal reasons that need not concern you, only Brocade is the plaintiff.  I will sometimes refer to them both interchangeably as Brocade.

Brocade and A10 are competitors in the market for "application delivery controllers" or "ADCs." Foundry, and later Brocade's, ADC product line is called ServerIron.  Foundry was issued three patents that are involved in this case: United States Patent Number 7,454,500, United States Patent Number 7,581,009, and United States Patent Number 7,558,195.  For convenience, the parties and I will often refer to these patents by the last three numbers of the patent, such as the '500 Patent, the '009 Patent, and the '195 Patent.  The '500 Patent and the '009 Patent cover certain specific implementations of what is called "Global Server Load Balancing" or "GSLB" and the '195 Patent covers a specific implementation of what is called "High Availability" or "HA."  GSLB and HA are features of the ServerIron ADC.

A10's ADC product line is called the AX Series.  During a prior proceeding a jury found the AX Series infringed claim 25 of the '500 Patent, claims 13 and 24 of the '009 Patent, and claim 1 of the '195 Patent and that the infringement was not willful.  Your only job in this trial is to determine the damages for A10's infringement of these three patents from April 23, 2010 through December 31, 2011.  The period of damages you are to consider was chosen for legal reasons that need not concern you.  Every AX Series device manufactured and sold by A10 during the period damages

3

Case No.: C 10-03428 PSG
ORDER

United States District Court
For the Northern District of California

1 was found to infringe these patent claims.  Brocade has the burden of proving by a preponderance

2 of evidence the amount of damages to which it is entitled as a result of this infringement.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

*Outline of Trial*

The trial will proceed in the following way. First, each side may make an opening statement. The opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. In this trial, witnesses will testify both live in person and by the reading of prior sworn testimony. Documents also may be offered and admitted into evidence. Brocade will start by questioning witnesses or reading testimony in support of its case. Then A10 will have an opportunity to question those witnesses or read relevant portions of testimony from a particular witness. Once Brocade has presented its witnesses, A10 will call its witnesses to rebut Brocade's case, both live and by the reading of prior sworn testimony, and they will also be examined and cross-examined.

After the evidence has been presented, the attorneys will make closing arguments, and I will give you final instructions on the law that applies to the case. Closing arguments are not evidence.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Ninth Circuit Model Jury Instructions § 1.19

Case No.: C 10-03428 PSG
ORDER

*Burden of Proof – Preponderance of the Evidence*

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Ninth Circuit Model Jury Instructions § 1.3

6

Case No.: C 10-03428 PSG
ORDER

*What Is Evidence*

The evidence you are to consider in deciding what the facts are consists of:

      1.    The sworn testimony of any witness;

      2.    The exhibits which are received into evidence; and

      3.    Any facts to which the lawyers have agreed.

Authority: Ninth Circuit Model Jury Instructions § 1.6

Case No.: C 10-03428 PSG
ORDER

*What Is Not Evidence*

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

     (1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

     (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

     (3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

     (4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Ninth Circuit Model Jury Instructions § 1.7

Case No.: C 10-03428 PSG
ORDER

*Evidence for a Limited Purpose*

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: Ninth Circuit Model Jury Instructions § 1.8

Case No.: C 10-03428 PSG
ORDER

*Direct and Circumstantial Evidence*

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it raised during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: Ninth Circuit Model Jury Instructions § 1.9

Case No.: C 10-03428 PSG
ORDER

*Ruling on Objections*

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: Ninth Circuit Model Jury Instructions § 1.10

Case No.: C 10-03428 PSG
ORDER

*Credibility of Witnesses*

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     The opportunity and ability of the witness to see or hear or know the things testified to;

(2)     The witness's memory;

(3)     The witness's manner while testifying;

(4)     The witness's interest in the outcome of the case and any bias or prejudice;

(5)     Whether other evidence contradicted the witness's testimony;

(6)     The reasonableness of the witness's testimony in light of all the evidence; and

(7)     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: Ninth Circuit Model Jury Instructions § 1.11

Case No.: C 10-03428 PSG
ORDER

*Conduct of the Jury*

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or

13

Case No.: C 10-03428 PSG
ORDER

commentary about the case or anything to do with it; do not do any research, such as

consulting dictionaries, searching the Internet or using other reference materials; and do not

make any investigation or in any other way try to learn about the case on your own.

Do not use any social media applications such as Facebook or Twitter to communicate your status,

make announcements, or otherwise communicate regarding this case with anyone during the course

of the trial or at any point during your deliberations.

During this trial, the attorneys may present confidential information belonging to one of the parties

as evidence. You are not to discuss or communicate any confidential evidence presented during

this trial to anyone aside from the other jurors during deliberations, either during the trial or after

the trial.

Some of the documents in this case are inscribed with numbers or other designations. These

markings are not evidence. They were applied to help the parties and the court identify items

before trial, and for no other purpose. So for example, if a document was marked "Confidential" or

"Highly Confidential" for pretrial purposes, this is not evidence that the document is or is not

confidential. If numbered documents are introduced into evidence, the numbers themselves have no

significance. You may of course consider all of the evidence submitted to you in the course of the

trial.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence

that each party has had an opportunity to address. A juror who violates these restrictions

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

Case No.: C 10-03428 PSG
ORDER

1   entire trial process to start over. If any juror is exposed to any outside information, please notify the

2   court immediately.

3

4

5

6

7   Authority: Ninth Circuit Model Jury Instructions § 1.12

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: C 10-03428 PSG
ORDER

United States District Court
For the Northern District of California

*No Transcript Available to the Jury*

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority: Ninth Circuit Model Jury Instructions § 1.13

Case No.: C 10-03428 PSG
ORDER

*Taking Notes*

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.

Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: Ninth Circuit Model Jury Instructions § 1.14

Case No.: C 10-03428 PSG
ORDER

*Questions to Witnesses by Jurors*

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority: Ninth Circuit Model Jury Instructions § 1.15

Case No.: C 10-03428 PSG
ORDER

*Bench Conferences and Recesses*

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Ninth Circuit Model Jury Instructions § 1.18

19

Case No.: C 10-03428 PSG
ORDER

United States District Court
For the Northern District of California

*Deposition in Lieu of Live Testimony*

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  You should similarly consider read backs of previous trial testimony.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: Ninth Circuit Model Jury Instruction § 2.4

Case No.: C 10-03428 PSG
ORDER

*Expert Opinion*

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Ninth Circuit Model Jury Instructions § 2.11

Case No.: C 10-03428 PSG
ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Charts and Summaries Not Received in Evidence*

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: Ninth Circuit Model Jury Instructions § 2.12

Case No.: C 10-03428 PSG
ORDER

**United States District Court**
For the Northern District of California

*Charts and Summaries in Evidence*

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: 9th Cir. Civ. Jury Instr. 2.13 (2007)

Case No.: C 10-03428 PSG
ORDER

*Demonstrative Evidence*

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. Other materials have also been shown to you during the trial, but they have not been admitted into evidence. You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

Case No.: C 10-03428 PSG
ORDER

*Corporations and Partnerships-Fair Treatment*

All parties are equal before the law and a corporation is entitled to the same fair and conscientious

consideration by you as any party.

Case No.: C 10-03428 PSG
ORDER

*Witness Willfully False*

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Case No.: C 10-03428 PSG
ORDER

*Failure to Explain or Deny Evidence*

You may consider whether a party failed to explain or deny some unfavorable evidence.  Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

Case No.: C 10-03428 PSG
ORDER

*Why Electronic Communications and Research Are Prohibited*

I know that many of us are used to communicating and perhaps even learning by electronic communications and research. However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties. Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence. What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence. Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.

Case No.: C 10-03428 PSG
ORDER

## II.     FINAL JURY INSTRUCTIONS

*Duty to Deliberate*

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Ninth Circuit Model Jury Instructions § 3.1

Case No.: C 10-03428 PSG
ORDER

*Communication with Court*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Model Jury Instructions § 3.2

Case No.: C 10-03428 PSG
ORDER

United States District Court
For the Northern District of California

*Patent Damages – Burden of Proof*

I will instruct you about the measure of damages.  A damages award should put Brocade in approximately the financial position it would have been in had A10's infringement not occurred, but in no event may the damages award be less than a reasonable royalty. You should keep in mind that the damages you award are meant to compensate Brocade and not to punish A10.

Brocade has the burden to persuade you of the amount of its damages. You should award only those damages that Brocade more likely than not suffered.  Although Brocade is not required to prove its damages with mathematical precision, Brocade must prove them with reasonable certainty. Brocade is not entitled to damages that are remote or speculative.

Authority: N.D. Cal. Patent Model Jury Instruction B.5.1

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Lost Profits-Generally*

In this case, Brocade seeks to recover lost profits for some of Al0's sales of the AX Series, and a reasonable royalty on the rest of the Al0 AX Series sales.

To recover lost profits for infringing sales, Brocade must show that but for the infringement there is a reasonable probability that it would have made sales that A10 made of the infringing product. Brocade must show the share of Al0's sales that it would have made if the infringing product had not been on the market.  If Brocade shows that more likely than not it would have made those sales if A10 had not infringed the patent, Brocade is entitled to recover profits from the sales of its ServerIron product that it would have made had A10 not infringed.

You must also allocate the lost profits based upon the customer demand for the patented feature in Brocade's ServerIron product. That is, you must determine which profits derive from the patented invention that Brocade sells, and not from other features of the ServerIron product.

Authority: N.D. Cal. Patent Jury Instructions B.5.2; *Aro Mfg. Co. v. Convertible Top Co.*, 377 U.S. 476, 502-07 (1964)

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Lost Profits-Factors to Consider*

Brocade is entitled to lost profits if it proves all of the following:

(1)    that there was a demand for the patented product;

(2)    that there were no non-infringing substitutes. An alternative may be considered available as a potential substitute even if it was not actually on sale during the infringement period. Factors suggesting that the alternative was available include whether the material, experience, and know-how for the alleged substitute were readily available. Factors suggesting that the alternative was not available include whether the material was of such high cost as to render the alternative unavailable and whether A10 had to design or invent around the patented technology to develop an alleged substitute;

(3)    that Brocade had the manufacturing and marketing capacity to make the infringing sales actually made by A10 for which an award of lost profits is sought; and

(4)    the amount of profit that Brocade would have made if A10 had not infringed.

Authority: N.D. Cal. Patent Jury Instructions B.5.3

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Lost Profits-Market Share*

One way to prove the number of sales Brocade would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award Brocade a share of the profits attributable to the infringing features that is equal to that market share. In deciding Brocade's market share, you must decide which products are in Brocade's market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

Authority: N.D. Cal. Patent Jury Instructions B.5.3a

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Reasonable Royalty-Entitlement*

If Brocade has not proved its claim for lost profits, or has proved its claim for lost profits for only a portion of the infringing sales, then Brocade should be awarded a reasonable royalty for all infringing sales for which it has not been awarded lost profits damages.

Authority: N.D. Cal. Patent Jury Instructions B.5.6

35

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Reasonable Royalty-Definition*

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention. This right is called a "license." A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement. You must also assume that both parties believed the patent was valid and infringed. Your role is to determine what the result of that negotiation would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard. One way to calculate a royalty is to determine what is called an "ongoing royalty." To calculate an ongoing royalty, you must first determine the "base," that is, the revenue attributable to the infringing features of the product on which the infringer is to pay. You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation. For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of .01 times the base revenue of $200.

Case No.: C 10-03428 PSG
ORDER

If the patent claims at issue here cover only part of the product that the A10 sells, the base must reflect only the value attributable to the infringing features. For example, if you find that for a $100 car, the patented feature is the tires valued at $5, the base revenue would be $5.  However, in a circumstance in which the patented feature is the reason customers buy the whole product, the base revenue could be the value of the whole product.

A second way to calculate a royalty is to determine a lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future. This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on a royalty rate applied to ongoing, relevant revenue. When a lump sum is paid, the infringer pays a fixed price for a license covering the period of infringement.

It is up to you, based on the evidence, to decide what type of royalty, if any, is appropriate in this case.

Authority: N.D. Cal. Patent Jury Instructions B.5.7

Case No.: C 10-03428 PSG
ORDER

*Patent Damages-Date of Commencement*

I am instructing you that the period of damages for purposes of this trial is from April 23, 2010 to December 31, 2011 for all of the patents.

Source: N.D. Cal. Patent Jury Instr. B.5.8 (2011) (*modified*)

Case No.: C 10-03428 PSG
ORDER

*Return of Verdict*

A verdict form will be prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No.: C 10-03428 PSG
ORDER

## VERDICT FORM

1.      What lost profits, if any, did Brocade show it more likely than not suffered as a result of sales that it would with reasonable probability have made but for A10's infringement?


                  $ _____


2.      For those infringing sales for which Brocade has not proved its entitlement to lost profits, what has Brocade proved it is entitled to as a reasonable royalty (pick either (a) or (b) below, but not both):


        _____   a.      Ongoing royalty payment

                        1.      Royalty Base:  $_____

                        2.      Royalty Rate:   _____%

                        3.      Royalty Base x Royalty Rate: $_____

        _____   b.      One-time payment of $_____ for life of the patents

Case No.: C 10-03428 PSG
ORDER